**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| VALARIE WHITNER, VINCENT BLOUNT, and MILDRED BRYANT, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> CITY OF PAGEDALE, a Missouri municipal corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) |

Civil Case No. _____

**CIVIL RIGHTS CLASS ACTION COMPLAINT**

### I. INTRODUCTION

This lawsuit is about a municipal government whose focus on generating revenue drives its administration of justice. The defendant in this case is the City of Pagedale, Missouri, ("Pagedale" or the "City"), which has turned the City's code enforcement and municipal court into revenue-generating machines. Pagedale's search for revenue has resulted in an unprecedented governmental intrusion into the homes of its residents. Since 2010, Pagedale has increased the number of non-traffic tickets it has levied against its residents by 495%. The City often tickets, or threatens to ticket, residents for things that are not even in the City's municipal code.

Pagedale's policy and practice of relying on fines and fees to generate revenue violates the Due Process and Excessive Fines Clauses of the U.S. Constitution and exceeds the City's

police powers.   In doing so, the City has harmed and continues to harm Pagedale residents and Plaintiffs Valarie Whitner, Vincent Blount, and Mildred Bryant, and others similarly situated. They therefore bring this suit to vindicate their fundamental civil rights, obtain injunctive relief to ensure that their rights will not be violated again, and to request a declaration from this Court that Pagedale's policies and practices in this regard are unlawful.

## II. JURISDICTION AND VENUE

1.      This is a civil rights action arising under 42 U.S.C. § 1983 and 28 U.S.C. § 2201 *et seq.*, and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

2.      Venue in this Court is proper under 28 U.S.C. § 1391.

## III. PARTIES

### A. Plaintiffs Valarie Whitner and Vincent Blount

3.      Plaintiff Valarie Whitner resides in Pagedale at 7111 St. Charles Rock Rd.  She owns her home.

4.      Plaintiff Vincent Blount resides with Whitner in Pagedale.

5.      Whitner and Blount have lived in Pagedale for 18 years.

6.      Whitner and Blount are longtime partners and have three children together, two of whom they raised in Pagedale.

7.      Their eldest child is married and lives in St. Louis City.

8.      Their younger two children attend college in the St. Louis area.

9.      Whitner is gainfully employed at St. Louis Children's Hospital.

10.     Whitner typically works an 11 P.M. to 7 A.M. shift at the hospital.

11.     Blount is a former Marine Corps servicemember.

12.     Blount is currently unemployed.

13.     At his most recent job, Blount normally worked a 3 P.M. to 11 P.M. shift.

14.     Whitner and Blount have been ticketed and fined by the City of Pagedale for the condition of their home.

15.     They have also received building inspection reports regarding their residence, which explicitly threaten future court summonses or fines, from the City.

**B. Plaintiff Mildred Bryant**

16.     Plaintiff Mildred Bryant resides in Pagedale at 1310 Belrue Ave.

17.     She is 84 years old, retired, and has lived in Pagedale for 46 years.

18.     Bryant raised her children in Pagedale.

19.     She is involved in the community and works out three times per week at a local YWCA.

20.     Bryant has received a building inspection report regarding her home that explicitly threatens future court summonses or fines from the City of Pagedale.

21.     Due to her age, it is difficult for her to make the modifications demanded by the City.

**C. Defendant City of Pagedale**

22.     Defendant City of Pagedale is a Missouri municipal corporation. It funds both the code enforcement regime and the municipal court system of the City.

-3-

## IV.  Factual Allegations[1]

### A.    The City of Pagedale

23.    Pagedale is located in St. Louis County, Missouri.

24.    As of 2013, approximately 3,037 people lived in the town.

25.    Ninety-three percent of the town's residents are African-American.

26.    As of 2013, about a quarter of the town's population lives below the poverty line.

27.    The City government is constituted by, among other officials, a mayor and a seven-person Board of Alderpersons.

28.    In 2013, Pagedale's total revenue was $2,016,430.[2]

29.    Of this amount, $356,601, or 17.68%, in revenue came from fines and fees.[3]

30.    Fines and fees are the second-largest source of revenue for the City.[4]

31.    In Pagedale's FY 2014-15 Budget, the City anticipated receiving $353,000 in revenue from fine and fees—or roughly $107 for every resident of the town, including infants, the elderly, and the infirm.[5]

32.    Since 2010, Pagedale has increased the number of non-traffic related tickets by

---

[1] The named Plaintiffs make the allegations in this Complaint based on personal knowledge as to those matters in which they have had personal involvement and on information and belief as to all other matters.

[2] Better Together, *Public Safety—Municipal Courts* 25 (Oct. 2014), http://www.bettertogetherstl.com/wp-content/uploads/2014/10/BT-Municipal-Courts-Report-Full-Report1.pdf (hereinafter, "*Public Safety*"). According to Pagedale's annual operating budget for the fiscal (as opposed to calendar) year of 2013-14, Pagedale's total revenue was $2,057,766. City of Pagedale, *Annual Operating Budget* 4 (2014), *available at* http://media.wix.com/ugd/0d0dc5_4cea0f75d54a414c81aa652d360e5c2e.pdf (hereinafter "*Pagedale Budget*").

[3] *Public Safety* at 25. Pagedale's fiscal, as opposed to calendar, year budget reflects similar income for that time period. In FY 2013-14, Pagedale collected $396,471 in court fines, bond fees, warrant fees, and forfeited bonds. *Pagedale Budget* at 4.

[4] *Pagedale Budget* at 4.

[5] *Pagedale Budget* at 4. The City also budgeted for a total of $87,000 in additional revenue from bonds forfeited and warrant fees together.

495%.[6]

33.    Prior to January 1, 2016, Missouri law limited to 30% the amount of money from traffic ticket revenues a municipality may have in its operating budget. Mo. Rev. Stat. § 479.359(1).

34.    As of January 1, 2016, Missouri law dropped the amount of money from traffic ticket revenues a municipality may use to fund its operations to 12.5%. Mo. Rev. Stat. § 479.359(2).

35.    Among the things for which the City may fine or imprison Pagedale residents are having a basketball hoop or wading pool in front of the front line of their house (Pagedale, Mo., Code § 405.080(A)); having a hedge above three feet high in their front yard (Pagedale, Mo., Code § 405.210(A)(5)); having a dish antenna on the front of their house (Pagedale, Mo., Code § 405.270); walking on the roadway if there is a sidewalk, and if there is not a sidewalk, not walking on the left side of the roadway (Pagedale, Mo., Code § 345.080); not walking on the right side of crosswalks (Pagedale, Mo., Code § 345.030); conducting a barbecue in their front yard, unless on a national holiday, and having alcoholic beverages visible within 150 feet of that barbecue (Pagedale, Mo., Code § 210.750); playing in the street (Pagedale, Mo., Code § 210.720(A)); wearing one's pants below the waist in public (Pagedale, Mo., Code § 210.770); and failing to have a screen on every door and window opening to the outside (Pagedale, Mo., Code § 515.060(A)(4)(a)).

36.    Pagedale also tickets residents for conditions it terms "nuisances," and which should be subject to abatement proceedings, not tickets or fines: having dead vegetation on their

---

[6] Jennifer S. Mann, *Municipalities ticket for trees and toys, as traffic revenues decline*, St. Louis Post-Dispatch, May

property (Pagedale, Mo., Code § 215.010(A)(19)); and having fallen trees, cut shrubs, overgrown vegetation, or weeds more than seven inches in height (Pagedale, Mo., Code § 215.110(A)).

37.     In addition, the City regulates things that are not included in its Code, including unpainted foundations, small cracks in driveways, chipped or aging layers of paint, and unpainted or unstained wood fences.

38.     Pagedale even gives itself the power to ticket its residents if their windows in houses facing the street do not have drapes or blinds "which are neatly hung, in a presentable appearance, properly maintained and in a state of good repair." Pagedale, Mo., Code § 515.060(A)(3)(b).

39.     Pagedale's tickets do not inform residents what provisions they are accused of violating, despite being labeled as "complaint and information[s]."

40.     The tickets sometimes refer to an "ordinance no."  These numbers refer to the enactments, not Code provisions.

41.     These enactments sometimes cover many sections of the Code, making it impossible to tell which specific part of the Code the resident has violated, and without providing them with any information about how the resident has violated them.

42.     Residents are often also cited for inapplicable parts of the Code.  For example, residents are sometimes cited for their properties' condition under the abandoned property provisions, even though they reside at those properties and the City mails the tickets to residents at the subject properties' addresses.

43.     Unless a penalty is specifically set out in a code provision, the default rule is that a

24, 2015, *available at* http://goo.gl/3WtqyG.

violation is punishable by up to $1,000 in penalties or up to three months in jail, or both. Pagedale, Mo., Code § 100.220(A).

**B.      Pagedale's  Municipal Court**

44.      Defendants who are issued citations by Pagedale become subject to the City's municipal court system.

45.      In 2013, the cost to operate Pagedale's municipal court was $90,758, meaning the court provided over a quarter of a million dollars in net revenue to the city ($356,601 minus $90,758).[7]

46.      Pagedale limits its court sessions to every first and third Thursday of the month.[8]

47.      Court proceedings begin on or around 6:30 p.m. on these days.

48.      In 2013, the Pagedale Municipal Court heard 5,781 cases, or an average of 241 cases for each twice-monthly evening session.[9]

49.      A defendant may only plead "not guilty" by coming to court.

50.      A defendant may plead "guilty" by mail but usually must still come to court to pay the fine. It is, however, unclear as to under what circumstances a defendant may pay by mail.

51.      If a defendant pleads "guilty" but cannot pay the fine, the court assigns a new date for him or her to come to court and pay the fine.

52.      If a defendant does not come to court when summoned, he or she will likely be subject to an arrest warrant, which is accompanied by additional fines, fees, and mandated court costs.

---

[7] *Public Safety* at 28. In FY 2013-14, the City spent $103,658 to operate its municipal court. *Pagedale Budget* at 9.
[8] City of Pagedale, *Municipal Court*, available at http://www.cityofpagedale.com/#!municipal-court/cme6.
[9] *Public Safety* at 34.

53.     No public defender is present or provided to the defendants at the sessions of the Pagedale Municipal Court.

54.     By limiting court hours to two sessions a month, providing few alternatives to appearing in person, failing to provide clear information on where and how to pay a ticket or even the amount of a potential fine for violating the Code—in short, being opaque about how to comply with Pagedale's court processes—the municipal court system in Pagedale makes it difficult for defendants to readily resolve their cases, often leading to additional fees and fines and the prospect of arrest.

55.     The in-person appearance requirement is particularly difficult for low-income workers, single parents, those without access to reliable transportation, and those who have jobs that conflict with an assigned court session.

**C.      The End Result**

56.     Pagedale's code enforcement and municipal court system are relied upon to extract money from defendants.

57.     Pagedale's code enforcement system does not react to code violations, but proactively looks for violations in order to generate revenue.

58.     The budgeting of an amount the City expects to receive from fines and fees sets a target for code enforcement and the court to reach, regardless of the level of violations actually occurring in the City.

59.     The budgeting of an amount the City expects to receive from fines and fees also creates an incentive for the City to ticket residents for petty or harmless violations that should not be subject to ticketing in the first instance.

60.     The need to generate revenue creates an unconstitutional incentive for Pagedale's prosecutors and municipal court to convict a defendant, regardless of whether Pagedale personnel respond to this incentive.

61.     As such, the need to generate revenue creates a substantial risk of bias and prejudgment.

62.     This incentive to convict deprives the named Plaintiffs and those similarly situated of the due process of the law.

**D.      The Named Plaintiffs' Experiences with Pagedale's Ticketing Machine**

63.     Each of the named Plaintiffs has been threatened with tickets or actually ticketed by the City, or both.

64.     Each of the named Plaintiffs anticipates being threatened with tickets or actually ticketed by the City in the future.

65.     The City has demonstrated no indication that it intends to halt its code enforcement policies or change its municipal code to remove code provisions that have led to threats or tickets against the named Plaintiffs in the past.

66.     None of the named Plaintiffs believe that they can financially or physically keep up with the demands the City makes upon their property in the time periods the City has given them in the past.

**a. Plaintiff Whitner**

67.     Plaintiff Whitner received a building inspection report threatening her with a court summons if she did not comply with specific demands.

68.     The building inspection report gave Whitner 30 days to comply with its demands,

-9-

which included among other things: "All functional windows need screen and or [sic] storm windows"; "Repaint guttering and down spouts where paint is chipping"; "Remove dead branch out of tree in rear yard"; and "Install rear screen door."

69.     Whitner has also received a ticket, labeled a "complaint and information," for "house not up to code."

70.     She is unable to financially afford to make the changes to her house the City has demanded in the time periods the City has given her.

71.     Whitner has also been arrested for "Building code Violation, contempt, and default" (arrest no. 13-0064).

72.     The City scheduled Whitner's property for a "demolition hearing," even though, under the Pagedale Code, demolition hearings are reserved for buildings found to be "dangerous" and Whitner's home is not dangerous at all.

73.     After appearing at the demolition hearing represented by counsel, the City eventually conceded her house was not dangerous. The City nonetheless continues to threaten her home with abatement actions and fines.

74.     Whitner cannot afford all of the modifications that the City has demanded.

75.     She even took out a loan, at 99% APR, to pay the tickets and modifications imposed by the City.

**b. Plaintiff Blount**

76.     Plaintiff Blount has been ticketed for building code violations, even though he is not the owner of his home.

77.     Blount has been ticketed for having alcohol containers on the property "along with

blocks of wood."

78.     Blount used to work between 3 P.M. and 11 P.M.  This made it impossible for him to attend Pagedale's evening court sessions without missing work.

79.     Blount, now unemployed, is struggling to pay off the fines he has received from the city.  He continues to make payments.

80.     Blount has been ticketed for their home's condition allegedly violating "Ordinance No. 1439," even though the sections of the Pagedale Code found in this ordinance only apply to abandoned properties, not residences.

### c. Plaintiff Bryant

81.     Plaintiff Bryant received a building inspection report from the City of Pagedale, threatening a court summons if she did not cure the alleged violations.

82.     This building inspection report demanded, among other things, that all Bryant's windows have blinds, matching curtains, or other such "window treatment[;]" that she remove vegetation from her driveway (referring to weeds growing in cracks in her driveway); and that she cut back other weeds.

83.     Bryant is 84, lives alone, and cannot do some of the work required by the City's building inspection reports and certainly not in the time periods the City has given her.

84.     The time periods the City gave Bryant to comply have elapsed, and she now faces the threat of fines or imprisonment for the alleged violations.

### E.     Class Action Allegations

85.      Plaintiffs Blount, Whitner, and Bryant bring this action under Civil Rule 23(a) and (b)(2) on behalf of themselves and all others similarly situated (collectively, the "Ticket and

Warning Recipients") as members of the following proposed plaintiff class: "all persons who, at any time since January 1, 2010, have received warnings that they may receive tickets, have been ticketed, or will be ticketed by the city of Pagedale."

86.     This action meets all the Rule 23(a) prerequisites of maintaining a class action.

87.     **Numerosity:** The proposed class is so numerous that the individual joinder of all members is impracticable. As noted above, in 2013, the Pagedale Municipal Court had 5,781 cases on its docket. Thousands of individuals have been ticketed since 2010, and thousands of individuals will likely be ticketed by the City in the future.

88.     **Commonality:** This action presents questions of law and fact common to the proposed class, resolution of which will not require individualized determinations of the circumstances of any particular plaintiff. Common questions of fact include, but are not limited to, the following:

> a.  Whether the City has a policy, practice, or custom of generating revenue by ticketing individuals for violations of the Pagedale Municipal Code;
>
> b.  Whether the City has a policy, practice, or custom of subordinating the objective and neutral administration of justice to the goal of generating revenue;
>
> c.  Whether the City has a policy, practice, or custom of limiting court hours, providing few, if any alternatives to appearing in person, and failing to provide clear information about where and how to pay a ticket in order to cause defendants to run afoul of the court's requirements, and thus result in more fees, fines, and warrants for the defendants' arrests;

    d.   Whether Pagedale's policymakers adopted or promulgated these policies, or whether these practices are so pervasive and well-settled that they constitute Pagedale custom with the force of law;

    e.   Whether Pagedale policymakers have actual or constructive knowledge of, and acquiescence in, these customs or policies; and

    f.   Whether the Ticket and Warning Recipients class members are entitled to declaratory and injunctive relief.

Common questions of law include, but are not limited to, whether the above-described policies, practices, and customs violate the Due Process Clause of the Fourteenth Amendment.[10]

89.   **Typicality:** The named Plaintiffs' claims are typical of the claims of the proposed class.

    a.   The named Plaintiffs' claims as well as those of the proposed class arise out of the same course of conduct by the City, are based on the same legal theories, and involve the same harms.

    b.   Additionally, the named Plaintiffs are seeking the same relief for themselves and members of the proposed class.

90.   **Adequacy of Representation:** The named Plaintiffs will fairly and adequately protect the interests of the class they seek to represent. There are no conflicts of interest between named Plaintiffs and the members of the proposed class. The named Plaintiffs will vigorously

---

[10] The named Plaintiffs are not seeking class certification regarding their claims that Pagedale's ticketing of residents for failing to have a screen on every door and window opening to the outside; failing to have drapes or blinds "which are neatly hung, in a presentable appearance"; having unpainted foundations; having small cracks in driveways; having chipped or aging layers of paint; and having unpainted or unstained wood fences violates the Excessive Fines and Due Process Clauses and exceeds the City's police power.

prosecute this action on behalf of the Ticket and Warning Recipients class.

91.     The named Plaintiffs and proposed class members will be ably represented, without cost to them, by the Institute for Justice and local counsel Bryan Cave LLP. Founded in 1991, the Institute for Justice is a nonprofit, public-interest law firm that litigates constitutional issues nationwide. The Institute for Justice has particular expertise in protecting the due process and property rights of individuals, including challenging criminal justice programs motivated by the desire to raise revenue. In bringing this action, the Institute for Justice has done extensive work to identify and investigate these claims.

92.     Local counsel Bryan Cave LLP was founded more than 140 years ago in St. Louis. It still maintains offices in St. Louis and is now an international law firm with more than 1,000 lawyers and 25 offices across North America, Europe, and Asia. Among other practices, it has a large, sophisticated, and effective federal litigation practice.

93.     Pagedale is acting or refusing to act on grounds generally applicable to the Ticket and Warning Recipients class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Ticket and Warning Recipients class as a whole.

94.     The declaratory and injunctive claims asserted on behalf of the named Plaintiffs and the Ticket and Warning Recipients class are capable of repetition yet evading review. There is a continuing and substantial public interest in these matters.

## V.  CAUSES OF ACTION

### Count One

**By Plaintiffs Blount, Whitner, and Bryant, on Behalf of Themselves and Members of the Ticket and Warning Recipients Class, for Violation of Due Process Clause of the Fourteenth Amendment to the U.S. Constitution via 42 U.S.C. § 1983**

95.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 94 above.

96.     The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution prohibits judicial officers from having a direct or indirect financial interest in a proceeding, regardless of whether this interest is institutional or personal.

97.     The City's reliance on its civil and criminal code to raise revenue creates an institutional incentive for the City to ticket, convict, and fine defendants, regardless of the nature of an individual's offense.

98.     The City's institutional reliance on revenue from fines and fees creates a conflict between the City's pecuniary interest and the Municipal Court personnel's obligation to be, and appear, disinterested and to serve the interests of justice, regardless of whether such personnel actually act to further the City's institutional, pecuniary interest.

99.     The City's institutional reliance on revenue from fines and fees creates an appearance of bias that results in a lack of due process of law in the trial of defendants charged before the Pagedale Municipal Court.

100.     The City's institutional pecuniary interest in raising revenue also creates an unconstitutional risk that irrelevant and impermissible factors can influence the decision to prosecute a defendant or the nature of any plea bargain or negotiated settlement of a civil or

criminal enforcement action.

101.    The City's institutional reliance on revenue from fines and fees creates a conflict between the City's pecuniary interest and the prosecutor's obligation to be, and appear, disinterested and to serve the interests of justice, regardless of whether the prosecutor actually acts to further the City's institutional, pecuniary interest.

102.    The City's institutional reliance on revenue from fines and fees creates an appearance of bias that results in a lack of due process of law in the trial of defendants charged by the Pagedale city government.

103.    Because Pagedale's policies, practices, and customs have created a situation where prosecutors and municipal court personnel have an incentive to convict and fine defendants, the City has violated, and will continue to violate, the due process rights of the named Plaintiffs and the proposed Ticket and Warning Recipients class.

104.    As a direct and proximate result of the City's actions, the named Plaintiffs and the members of the proposed Ticket and Warning Recipients class have suffered irreparable injury to their constitutional rights.

105.    As a direct and proximate result of the City's policy, practice, and custom of administrating its prosecutorial efforts and its municipal court in order to generate revenue, the named Plaintiffs and members of the proposed Ticket and Warning Recipients class will suffer irreparable injury to their constitutional rights.

106.    Declaratory and injunctive relief is necessary to remedy the City's unconstitutional conduct of ticketing, convicting, and fining defendants in order to generate revenue for the City. Without appropriate declaratory and injunctive relief, the City's

unconstitutional policies and practices will continue.

## Count Two

**By Plaintiffs Blount, Whitner, and Bryant, on Behalf of Themselves, for Violation of the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution via 42 U.S.C. § 1983**

107.    The named Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 106 above.

108.    The Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution prohibits the government from imposing a monetary penalty that is grossly disproportionate to the offense it is designed to punish.

109.    The City makes the following harmless conditions and activities illegal and subject to fines or imprisonment: failing to have a screen on every door and window opening to the outside (Pagedale, Mo., Code § 515.060(A)(4)(a)); and failing to have drapes or blinds "which are neatly hung, in a presentable appearance" (Pagedale, Mo., Code § 515.060(A)(3)(b)) and which match.

110.    In addition, the City imposes fines and imprisonment, or threatens fines or imprisonment, for harmless activities and conditions that are not mentioned in its Code, including unpainted foundations, small cracks in driveways, chipped or aging layers of paint, and unpainted or unstained wood fences, and matching curtains or drapes.

111.    Any fine imposed by Pagedale for these activities and conditions is excessive because none of these activities or conditions cause any harm to others or to the named Plaintiffs themselves.

112.    Instead, Pagedale imposes these fines as a method to generate revenue.

-17-

113.    As a direct and proximate result of the City's actions, the named Plaintiffs have

suffered, and will continue to suffer, irreparable injury to their constitutional rights.

114.    As a direct and proximate result of the City's policy, practice, and custom of

fining Pagedale residents for harmless activities and conditions, the named Plaintiffs will suffer

irreparable injury to their constitutional rights.

115.    Declaratory and injunctive relief is necessary to remedy the City's

unconstitutional conduct of ticketing, convicting, and fining defendants for harmless activities.

Without appropriate declaratory and injunctive relief, the City's unconstitutional policies and

practices will continue.

### Count Three

**By Plaintiffs Blount, Whitner, and Bryant, on Behalf of Themselves, for Violation of Due Process Clause of the Fourteenth Amendment via 42 U.S.C. § 1983**

116.    The named Plaintiffs reallege and incorporate by reference each and every

allegation set forth in paragraphs 1 through 115 above.

117.    The Due Process Clause prevents the government from declaring that lawful and

harmless activities and conditions constitute nuisances when such activities and conditions are

not, in fact, nuisances and any harm that could arise from such activities and conditions would be

remote and highly speculative.

118.    The City makes the following harmless conditions and activities illegal and

subject to fines or imprisonment: failing to have a screen on every door and window opening to

the outside (Pagedale, Mo., Code § 515.060(A)(4)(a)); and failing to have drapes or blinds

"which are neatly hung, in a presentable appearance" (Pagedale, Mo., Code § 515.060(A)(3)(b))

-18-

and which match.

119.    In addition, the City imposes fines and imprisonment, or threatens fines or imprisonment, for harmless activities and conditions that are not mentioned in its Code, including unpainted foundations, small cracks in driveways, chipped or aging layers of paint, and unpainted or unstained wood fences.

120.    These activities and conditions are not nuisances or violations, and the City cannot abate them or issue fines regarding them, because they do not cause any harm to others or to the named Plaintiffs themselves.

121.    Instead, Pagedale treats these activities and conditions as nuisances and code violations merely as a method to generate revenue.

122.    Making a harmless activity or condition illegal in order to generate revenue violates the Due Process Clause.

123.    As a direct and proximate result of the City's actions, the named Plaintiffs have suffered, and will continue to suffer, irreparable injury to their constitutional rights.

124.    As a direct and proximate result of the City's policy, practice, and custom of fining Pagedale residents for harmless activities and conditions, the named Plaintiffs will suffer irreparable injury to their constitutional rights.

125.    Declaratory and injunctive relief is necessary to remedy the City's unconstitutional conduct of ticketing, convicting, and fining defendants for harmless activities. Without appropriate declaratory and injunctive relief, the City's unconstitutional policies and practices will continue.

**Count Four**

**By Plaintiffs Blount, Whitner, and Bryant, on Behalf of Themselves, for the City's Actions in Excess of Its Police Power via 42 U.S.C. § 1983**

126.     The named Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 125 above.

127.     The police power of the government exists to prevent individuals from harm.

128.     The City makes the following harmless conditions and activities illegal and subject to fines or imprisonment: failing to have a screen on every door and window opening to the outside (Pagedale, Mo., Code § 515.060(A)(4)(a)); and failing to have drapes or blinds "which are neatly hung, in a presentable appearance" (Pagedale, Mo., Code § 515.060(A)(3)(b)), and which match.

129.     In addition, the City imposes fines and imprisonment, or threatens fines or imprisonment, for harmless activities and conditions that are not mentioned in its Code, including unpainted foundations, small cracks in driveways, chipped or aging layers of paint, and unpainted or unstained wood fences.

130.     Pagedale's policy, practice, and custom of treating such harmless activities and conditions as nuisances exceeds the government's police powers because none of these activities or conditions cause any harm to others or to the named Plaintiffs themselves.

131.     Instead, Pagedale treats these harmless activities and conditions as a method to generate revenue.

132.     As a direct and proximate result of the City's actions, the named Plaintiffs have suffered, and will continue to suffer, irreparable injury to their constitutional rights.

-20-

133.     As a direct and proximate result of the City's policy, practice, and custom of fining Pagedale residents for harmless activities and conditions, the named Plaintiffs will suffer irreparable injury to their constitutional rights.

134.     Declaratory and injunctive relief is necessary to remedy the City's unconstitutional conduct of ticketing, convicting, and fining defendants for harmless activities. Without appropriate declaratory and injunctive relief, the City's unconstitutional policies and practices will continue.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows, on behalf of themselves and all others similarly situated:

A.     For certification of the proposed Ticket and Warning Recipients class defined above;

B.     For a declaration that Pagedale's systemic policy, practice, and custom of unduly relying on revenue from fines and fees generated by its code enforcement and municipal court system violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution;

C.     For a declaration that Pagedale's systemic policy, practice, and custom of budgeting for revenue from fines and fees imposed for violations of the Pagedale Municipal Code, and taking actions in order to meet that budgeted amount, violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution;

D.     For a declaration that any fine issued for violations pursuant to the following sections of the Pagedale Municipal Code are excessive, in violation of the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution:

      a.      Pagedale, Mo., Code § 515.060(A)(4)(a)

      b.      Pagedale, Mo., Code § 515.060(A)(3)(b)

      c.      And any provisions which could be construed to prohibit unpainted foundations, cracks in driveways, chipped or aging layers of paint, unpainted or unstained wood fences, or unmatched blinds;

E.      For a declaration that any fine issued for violations pursuant to the following provisions of the Pagedale Municipal Code violate the Due Process Clause of the Fourteenth Amendment:

      a.      Pagedale, Mo., Code § 515.060(A)(4)(a)

      b.      Pagedale, Mo., Code § 515.060(A)(3)(b)

      c.      And any provisions which could be construed to prohibit unpainted foundations, cracks in driveways, chipped or aging layers of paint, unpainted or unstained wood fences, or unmatched blinds;

F.      For a declaration that Pagedale's regulation of the following activities and conditions exceed Pagedale's police powers:

      a.      Failing to have a screen on every door and window opening to the outside (Pagedale, Mo., Code § 515.060(A)(4)(a))

      b.      Failing to have drapes or blinds "which are neatly hung, in a presentable appearance" (Pagedale, Mo., Code § 515.060(A)(3)(b))

      c.      Having an unpainted foundation

      d.      Having cracks in one's driveways

      e.      Having chipped or aging layers of paint on the outside of one's home

      f.      And having unpainted or unstained wood fences;

G.      For an issuance of preliminary and permanent injunctions restraining Pagedale from acting in furtherance of policies, practices, or customs that violate Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution, or that exceed the City's police powers;

H.      For an award of nominal damages in the amount of $1.00;

I.      For an award of attorneys' fees and costs under 42 U.S.C. § 1988 and any other applicable statute or rule, or in equity; and

J.      For such other and further relief, including declaratory and injunctive relief, as this Court may deem just and proper.

DATED this 4th day of November, 2015.

Respectfully submitted,

**INSTITUTE FOR JUSTICE**
/s/William R. Maurer
William R. Maurer*, WA No. 25451
10500 NE 8th Street, Suite 1760
Bellevue, WA 98004
Telephone: (425) 646-9300
Fax: (425) 990-6500
E-mail: wmaurer@ij.org

Joshua House*, CA No. 284856
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Telephone: (703) 682-9320
Fax: (703) 682-9321
E-mail: jhouse@ij.org

**BRYAN CAVE LLP**
/s/ J. Bennett Clark
J. Bennett Clark (MO Bar No. 30907)
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2418
Fax: (314) 552-8418
E-mail: ben.clark@bryancave.com

*Pro Hac Vice to be Filed*

*Attorneys for Plaintiffs*