IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VALARIE WHITNER, VINCENT BLOUNT, and MILDRED BRYANT, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF PAGEDALE, a Missouri municipal Corporation,<br><br>    Defendant. | Cause No.: 4:15-cv-01655-RWS<br><br>**TRIAL BY JURY DEMANDED** |

## DEFENDANT CITY OF PAGEDALE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant City of Pagedale ("Defendant") by and through undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiffs' Complaint, states as follows:

1. Without admitting the viability of Plaintiffs' claims, Defendant admits that, based on Plaintiffs' claims pursued herein, this court has jurisdiction over the claims asserted by Plaintiffs.

2. Admitted.

3. Defendant admits that Plaintiff Whitner resides in Pagedale at 7111 St. Charles Rock Road. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, denies the same.

4. Based on knowledge and belief, admitted.

5. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

6. Defendant lacks knowledge sufficient to form a belief as to the truth of the

1

allegations set forth in this paragraph and, therefore, denies the same.

      7.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

      8.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

      9.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

      10.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

      11.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

      12.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

      13.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

      14.      Admitted.

      15.      Defendant admits that Plaintiffs Whitner and Blount have received building inspection reports stating that a summons to court will be issued if code violations noted in the report are not corrected within the number of days also noted in the report.  Defendant denies that such building inspection reports expressly mention a "fine."

      16.      Admitted.

      17.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

18. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

19. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

20. Defendant admits that Plaintiff Bryant received a building inspection report listing code violations and mentioning a summons will be issued if corrections were not made. Defendant denies that the building inspection report mentions a "fine."

21. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

22. Admitted.

23. Admitted.

24. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

25. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

26. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

27. Admitted.

28. Denied; this figure was incorrect as reported in the referenced source.

29. Denied; figure cited in paragraph 28 was incorrect as reported in referenced source.

30. Admitted.

31. Defendant lacks knowledge sufficient to form a belief as to the truth of the

allegations set forth in this paragraph and, therefore, denies the same.

32. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

33. Defendant states that the statute speaks for itself.

34. Defendant states that the statute speaks for itself.

35. Defendant admits that there are various Pagedale ordinances in place for maintaining the character and order of properties in the community. Defendant further states that sections of the Pagedale City code, including those cited in this paragraph, speak for themselves. To the extent not expressly admitted in this paragraph, Defendant denies any remaining allegations or implications made by Plaintiffs in this paragraph.

36. Defendant admits that there are various Pagedale ordinances in place for maintaining the character and order of properties in the community. Defendant further states that sections of the Pagedale City code, including those cited in this paragraph, speak for themselves. To the extent not expressly admitted in this paragraph, Defendant denies any remaining allegations or implications made by Plaintiffs in this paragraph.

37. Denied.

38. Defendant states that the cited section of the Pagedale code speaks for itself. Defendant Pagedale denies the suggestion by Plaintiffs that it "gives itself" any improper or illegal "power to ticket its residents."

39. Denied.

40. Admitted.

41. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

42. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

43. Defendant states that the Pagedale code section cited in this paragraph, and there effect of law therein, speaks for itself.

44. Admitted.

45. Denied.

46. Defendant admits that its court sessions are generally on every first and third Thursday of the month, but denies any suggestion that this is less than what a standard or practicable for municipal courts.

47. Admitted.

48. Defendant admits that, in 2013, 5,781 cases were filed in Pagedale Municipal Court. To the extent not expressly admitted, Defendant denies the same.

49. Admitted.

50. Due to the manner in which this paragraph is alleged, defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

51. Defendant admits this, but further states that, in many cases, the entire fine is not paid and alternative arrangements may be made by the defendant to make partial and periodic payments.

52. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

53. Defendant admits that there is no such public defender, further stating that it is not customary or practicable for municipal courts to employ a public defender.

54. Denied.

55. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

65. Defendant denies improper code provisions and/or enforcement of the same. Defendant states that, with respect to Plaintiffs Whitner and Blount, it has reached an agreement in full settlement of the violations for which they have been charged. To the extent not expressly admitted or denied in this paragraph, Defendant denies the same.

66. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

67. Defendant admits that Plaintiff Whitner has received several building inspection reports stating that she will receive a court summons due to numerous code violations if she does not correct such violations. To the extent not expressly admitted in this paragraph, Defendant denies the same.

68. Defendant admits that an exterior building inspection report dated April 8, 2015 includes a listing of numerous items found to be in violation of the City's building ordinances, including those matters listed in Plaintiffs' paragraph 68.  To the extent not expressly admitted, Defendant denies the same.

69. Admitted.

70. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

71. Admitted.

72. Defendant admits that Whitner's property was the subject of a demolition hearing and, at said hearing, was found not to be "dangerous" as defined in the City Code.  To the extent not expressly admitted herein, Defendant denies the same.

73. Defendant admits that it found that Whitner's property was not dangerous at the aforementioned hearing.  Defendant states that it entered into a settlement agreement with Plaintiffs Whitner and Blount with respect to the existing code violations and, therefore, denies the remaining allegations set forth in this paragraph.

74. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

75. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

76. Admitted.

77. Defendant admits that Plaintiff Blount has been ticketed for an accumulation of rubbish/garbage on the property, including blocks of wood and alcohol containers.

78. Defendant lacks knowledge sufficient to form a belief as to the truth of the

7

allegations set forth in this paragraph and, therefore, denies the same.

79. Plaintiff Blount has been allowed to make partial payments and has made some of those payments. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, denies the same. (Ask Sam Alton).

80. Admitted.

81. Admitted.

82. Admitted; Defendant further states that the building inspection report asked Plaintiff Bryant to correct several other issues, including the removal of trash from underneath her front bushes.

83. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

84. Defendant admits that the time period the City gave Bryant to comply has elapsed. Defendant has not yet issued a summons as to Bryant and, therefore, states that the threat of fines or imprisonment for the alleged violations is speculative.

85. Defendant denies that the proposed class is certifiable. Defendant further states that, given that that requirements of Rule 23 cannot be met in any regard with respect to the proposed class, Defendant has separately filed a Motion to Strike Plaintiffs' Class Allegations made in its Complaint.

86. Denied.

87. Denied.

88. Denied, including all subparts thereunder.

89. Denied, including all subparts thereunder.

90. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and affirmants set forth in this paragraph and, therefore, denies the same.

91. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and affirmants set forth in this paragraph and, therefore, denies the same.

92. Admitted.

93. Denied.

94. Denied.

## COUNT I

95. Defendant restates and incorporates by references its respective responses to the allegations set forth in Plaintiffs' paragraphs 1 through 94 herein.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

## COUNT II

107. Defendant restates and incorporates by references its respective responses to the

allegations set forth in Plaintiffs' paragraphs 1 through 106 herein.

      108.    Admitted.

      109.    Denied.

      110.    Denied.

      111.    Denied.

      112.    Denied.

      113.    Denied.

      114.    Denied.

      115.    Denied.

## COUNT III

      116.    Defendant restates and incorporates by references its respective responses to the allegations set forth in Plaintiffs' paragraphs 1 through 115 herein.

      117.    Denied.

      118.    Denied.

      119.    Denied.

      120.    Denied.

      121.    Denied.

      122.    Denied.

      123.    Denied.

      124.    Denied.

      125.    Denied.

## COUNT IV

      126.    Defendant restates and incorporates by references its respective responses to the

allegations set forth in Plaintiffs' paragraphs 1 through 125 herein.

127. Defendant admits that, in part, police power of government exists to prevent individuals from harm. Defendant denies that this is a full and accurate statement of the police power of government and, therefore, denies the allegations set forth in this paragraph.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

WHEREFORE, Defendant City of Pagedale respectfully requests that this court dismiss Plaintiffs' Complaint with prejudice, for an award of court costs incurred herein, and for any other and further relief that this court deems just and proper under the circumstances.

**DEFENDANT DEMANDS TRIAL BY JURY.**

**AFFIRMATIVE DEFENSES**

By way of further answering and as affirmative defenses, Defendants state as follows:

1. Plaintiffs' claims, and the claims of some or all of the proposed class, fail to state a claim upon which relief may be granted.

2. Claims of some or all of the proposed class are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiffs' claims, and the claims of some or all of the proposed class, are barred in whole or in part by the doctrines of waiver, estoppel, laches, and/or unclean hands on account

of, without limitation, the settlement of underlying municipal violations or charges, plea agreements, failure to exhaust available legal remedies, failure to challenge the constitutionality of violations in the underlying proceedings, etc.

4. Claims of some or all of the proposed class are barred, in whole or in part, by the voluntary payment doctrine.

5. Plaintiffs' claims, and claims of some or all of the proposed class, are barred, in whole or in part, because some Plaintiffs and members of the proposed class have not been injured or aggrieved on account of Defendant's ordinances and/or enforcement of its ordinances.

6. Plaintiffs' claims, and claims of some or all of the proposed class, are barred, in whole or in part, for lack of standing in that they have not been subject to or have not challenged the municipal court procedures they now claim are unconstitutional.

7. Claims brought on behalf of the proposed class do not meet the requirements of Fed. R. Civ. P. 23 and, therefore, may not properly be maintained as a class action.

8. Plaintiffs are not entitled to equitable relief, including injunctive relief, because they have an adequate remedy at law in the municipal court proceedings and an appeal by way of the right to trial *de novo* in the Circuit Court of St. Louis County, State of Missouri.

9. Plaintiffs' claims are barred to the extent they have entered into a binding settlement agreement with Defendant Pagedale.

10. Plaintiffs lack standing to pursue the claims made and relief requested herein.

11. The ordinances at issue are facially valid enactments.

12. Defendant does not knowingly and intentionally waive any affirmative defenses, and reserves the right to assert any additional affirmative defenses and claims hereafter with leave of Court.

BEHR, McCARTER & POTTER, P.C.


By: */s/ Timothy J. Reichardt*
Timothy J. Reichardt, #57684MO
Andrew T. Tangaro, #64193MO
Joseph C. Vitale, #67336MO
7777 Bonhomme Avenue, Suite 1400
St. Louis, MO  63105
Telephone:  (314) 862-3800
Facsimile:  (314) 862-3953
Email: treichardt@bmplaw.com
Email: atangaro@bmplaw.com
Email: jvitale@bmplaw.com
*Attorneys for Defendant City of Pagedale*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 7th day of December, 2015, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served upon all parties of record via the Court's electronic filing system.

*/s/ Timothy J. Reichardt*