IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VALARIE WHITNER, VINCENT BLOUNT, and MILDRED BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PAGEDALE, a Missouri municipal Corporation,<br><br>Defendant. | Cause No.: 4:15-cv-01655-RWS |

### DEFENDANT CITY OF PAGEDALE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE CLASS ALLEGATIONS FROM PLAINTIFFS' CIVIL RIGHTS CLASS ACTION COMPLAINT

COMES NOW Defendant City of Pagedale ("Defendant"), by and through the undersigned counsel, and for its Memorandum of Law in Support of its Motion to Strike Class Allegations from Plaintiffs' Civil Rights Class Action Complaint, pursuant to Federal Rule of Civil Procedure 12(f), states as follows:

### INTRODUCTION

Plaintiffs' Civil Rights Class Action Complaint challenges Defendant's ordinance enforcement and the prosecution and adjudication of ordinance violations in municipal court. Plaintiffs Valarie Whitner and Vincent Blount allege they have been ticketed or fined for violations of ordinances pertaining to the condition of their residential property. (*See* Doc. # 1, at ¶¶ 14-15, 67-80.) Plaintiff Mildred Bryant alleges she received a warning. (*See* Doc. # 1, at ¶¶ 20, 81-84.) From this, Plaintiffs allege four counts brought pursuant to § 1983: Count I – violations of due process rights of Plaintiffs and a proposed class; Count II – violation of the Excessive Fines Clause of the Eighth Amendment; Count III – violations of due process rights of

1

Plaintiffs only; Count IV – Defendant acted in excess of its police power. (*See* Doc. # 1.) Count I is the only count brought on behalf of a proposed class; namely, "all persons who, at any time since January 1, 2010, have received warnings that they may receive tickets, have been ticketed, or will be ticketed by [Defendant]." (*See* Doc. # 1, at ¶ 85.)

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) provides "upon motion made by a party before responding to a pleading . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The court is afforded broad discretion in ruling on a motion to strike. *Nationwide Ins. Co. v. Cent. Mo. Elec. Co-op.*, 278 F.3d 742, 748 (8th Cir. 2001). "Courts may strike 'from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citing FED. R. CIV. P. 12(f)). "If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations." *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013). Thus, federal courts have granted a motion to strike class allegations "where a complaint fails to plead the minimum facts necessary to establish the existence of a class satisfying Rule 23's mandate." *Henry v. Allstate Ins. Co.*, 2007 U.S. Dist. LEXIS 57822, *6 (E.D. La. Aug. 8, 2007); *Dollison v. Am. Nat'l Ins. Co.*, 2013 U.S. Dist. LEXIS 67279, *26 (N.D. Okla. May 9, 2013).

# ARGUMENT: PLAINTIFFS' CLASS ALLEGATIONS SHOULD BE STRICKEN BECAUSE PLAINTIFFS' ALLEGATIONS CONFIRM THAT THE REQUIREMENTS OF FEDERAL RULES OF CIVIL PROCEDURE 23(a) AND (b) CANNOT BE MET.

I. PLAINTIFFS' CLASS ALLEGATIONS CONFIRM THAT THE COMMONALITY REQUIREMENT OF FEDERAL RULE OF CIVIL PROCEDURE 23(a) CANNOT BE MET.

Plaintiffs limit their class allegations to Count I, a § 1983 claim for alleged violations of due process rights, and they define the proposed class as: "all persons who, at any time since January 1, 2010, have received warnings that they may receive tickets, have been ticketed, or will be ticketed by [Defendant]." (*See* Doc. # 1, at ¶ 85.) Plaintiffs claim that common questions of the proposed class include whether Defendant has a policy or custom of generating revenue by issuing tickets for ordinance violations or by limiting municipal court hours, whether Defendant policymakers have knowledge of these customs or policies, and whether the proposed class members are entitled to declaratory and injunctive relief. (*See* Doc. # 1, at ¶ 88.) Plaintiffs' allegations plainly demonstrate, however, that there are necessarily material differences in the proposed class members' injuries such that the commonality requirement of a class action certification cannot be met.

Under Federal Rule Civil Procedure 23(a), there are four threshold requirements applicable to all class actions: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. FED. R. CIV. P. 23(a). "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury[.]'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011) (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)). "Their claims must depend upon a common contention . . . . That common contention, moreover, must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Therefore, when

examining commonality, a court examines "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* (internal citations and quotations omitted).

Since *Dukes*, the Eighth Circuit and its district courts have found that the commonality requirement was not met for reasons analogous to the present lawsuit.[1] Commonality cannot be met when the defendant's conduct with respect to the alleged members of the class differed in critical ways. *See Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013) (where pizza delivery drivers alleged in a class action lawsuit that the employer's imposition of a charge constituted a gratuity, the class did not meet the commonality requirement because varying circumstances in delivery transactions were such that there could be no "one strike" determination of a class-wide question).

The cases of *O'Shaughnessy v. Cypress Media, L.L.C.*, *NPA-ERISA Track Cases Only v. Express Scripts, Inc.*, and *Hagler v. True Manufacturing Company* are particularly instructive in showing that commonality is not met when resolution of a class action lawsuit would require individualized determinations. In *O'Shaughnessy*, the putative class-action lawsuit alleged that a newspaper publisher unlawfully "double-billed" some of its subscribers. 2015 U.S. Dist. LEXIS 90378, *1 (W.D. Mo. July 13, 2015). The court found that the commonality requirement was not met because the fact-finder would have to sift through different documents to determine liability since there were no standard agreements that could serve as common evidence to base class-wide

---

[1] Courts outside the Eighth Circuit have reached similar conclusions. In *Shirokov v. Dunlap, Grubb & Weaver PLLC*, the plaintiff alleged that the defendants developed a scheme to profit from allegations of copyright infringement from a film. 2013 U.S. Dist. LEXIS 42617, *2 (D. Mass. Mar. 26, 2013). The plaintiff moved to certify a class of thousands of individuals who the defendants alleged infringement upon. *Id.* at *3. Some members made settlement payments, some retained attorneys and incurred legal expenses, and some failed to respond to the demand letter. *Id.* at *5. Therefore, the court found that the commonality requirement was not met and denied class certification. *Id.* at *5-*6 ("Commonality is not satisfied simply by the fact that the defendants targeted each member of the class; it must be shown that each member was injured in the same way.").

liability determinations. *Id.* at \*18-\*23. Similarly, in *Express Scripts*, this Court concluded that the commonality requirement could not be met because of the pervasive individualized questions among the class, including whether the contracts at issue were the result of individual negotiations, whether the contracts were executed or not, and the extent to which the contracts addressed rebates. 2015 U.S. Dist. LEXIS 1854, \*21 (E.D. Mo. Jan. 8, 2015). In *Hagler*, this Court again found that the commonality requirement was not met because the proposed class was too broad. 2012 U.S. Dist. LEXIS 40719, \*15 (E.D. Mo. Mar. 26, 2012) ("In essence, . . . Plaintiff proposes a class which would include any employee of Defendant who had his or her FMLA rights violated, for any reason, during the three years prior to the filing of this lawsuit.").

Plaintiffs' request for class action certification amounts to a *Monell* claim, under which § 1983 liability may attach to a municipality if a violation results from a policy or custom. *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The heightened requirement for commonality recognized in *Dukes*, however, is not altered in a *Monell* class action. In *Khalif L. v. City of Union City*, the plaintiffs moved for a class action certification against a police department for unlawful discrimination against young African Americans by denying police services to those who had been victimized by Latino gang violence. 2012 U.S. Dist. LEXIS 64567, \*2 (N.D. Cal. May 8, 2012). The court found that the plaintiffs failed to provide a common question and, more importantly, that the evidence presented would not support a finding of a common answer. *Id.* at \*32-\*33. In particular, the plaintiffs testified to different types of violence or threats and to different responses by the police department from apparently different officers. *Id.* The court concluded, "This evidence is simply too divergent in some respects, and too attenuated in others, to establish commonality." *Id.* at \*34.

Here, Plaintiffs' allegations indicate that there are not common questions with "common answers apt to drive the resolution of the litigation" for the proposed class as a whole. *Dukes*, 131 S.Ct. at 2551. To the contrary, the Complaint plainly demonstrates that there are many individualized questions at issue that cannot be resolved "in one stroke." *Id.* There will necessarily be material differences in: (1) the conduct or conditions of property causing issuance of violations or warnings; (2) the city employee's response to such violations; (3) the prosecution of such violations; and (4) the outcome of the municipal court matters. Some proposed class members were allegedly issued tickets, some claimed to be given warnings, and others claimed further injuries regarding the resolution of violations in municipal court. (*See* Doc. # 1, ¶¶ 44-55, 85, 88(c).) Additionally, the class is defined so broadly that it includes all persons who received warnings or tickets pursuant to <u>any</u> ordinance, even including traffic ordinances nowhere mentioned in the Complaint. (*See* Doc. # 1, ¶ 85.) The class would include, for instance, someone who pled guilty to speeding and paid the fine, individuals who were tried and prevailed, and violations not pursued by a prosecutor. The proposed class also includes individuals who have had state judgments entered against them; per the *Rooker-Feldman* doctrine, federal courts have no jurisdiction over a collateral attack on a state judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). It is elemental that these individualized questions cannot be resolved with a "one stroke" determination of their truth or falsity. *Dukes*, 131 S.Ct. at 2551.

As in *O'Shaughnessy* and *Express Scripts*, a fact-finder would necessarily have to sift through different documents for each class member to determine these questions. Like *Khalif*, Plaintiffs' allegations establish that common answers cannot be present for these reasons. Moreover, as in *Hagler*, the class is defined too broadly in that it includes all persons who

received warnings or tickets for any reason by Defendant since January 1, 2010. (*See* Doc. # 1, ¶ 85.) Plaintiffs' allegations plainly indicate that the commonality requirement cannot be met.[2] For these reasons, "it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis," and this Court should strike Plaintiffs' class allegations. *See Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013).

## II. PLAINTIFFS' CLASS ALLEGATIONS SHOULD BE STRICKEN BECAUSE THE PROPOSED CLASS IS NOT SUFFICIENTLY COHESIVE UNDER FEDERAL RULE OF CIVIL PROCEDURE 23(b)(2).

Plaintiffs also seek to certify the class under Federal Rule of Civil Procedure 23(b)(2). (*See* Doc. # 1, at ¶¶ 85, 86.) Therefore, Plaintiffs must show that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED. R. CIV. P. 23(b)(2). The Eighth Circuit has found:

> Although Rule 23(b)(2) contains no predominance or superiority requirements, class claims thereunder must be cohesive. . . . Because "unnamed members are bound by the action without the opportunity to opt out" of a Rule 23(b)(2) class, even greater cohesiveness generally is required than in a Rule 23(b)(3) class. A "suit could become unmanageable and little value would be gained in proceeding as a class action . . . if significant individual issues were to arise consistently."

*In re St. Jude Medical, Inc.*, 425 F.3d 1116, 1121 (8th Cir. 2005) (internal citations omitted). "The members of a (b)(2) class are generally bound together through 'preexisting or continuing

---

[2] Furthermore, Plaintiffs' Civil Rights Class Action Complaint is readily distinguishable from *Monell* cases finding commonality was met with respect to municipal ordinances. In *Morton v. City of Detroit*, for example, the plaintiff proposed a class action suit with a class defined as follows: "All persons ticketed by police officers of the City of Detroit from July 2009 to the date of entry of judgment for 'Loitering in a place of illegal occupation,' under Detroit City Code 38-5-1, who have appeared in Court and have had their ticket dismissed." 2012 U.S. Dist. LEXIS 108940, *2 (E.D. Mich. Aug. 3, 2012). The court found that the plaintiff established commonality because the plaintiff "alleged a single theory of wrongdoing, specifically police officers issuing tickets, pursuant to Detroit City Code 38-5-1, to individuals they have to find in an area deemed to be of ill repute without reasonable suspicion or probable cause." *Id.* at *7. Here, however, there is no "single theory of wrongdoing" alleged by Plaintiffs. Rather, Plaintiffs define their proposed class as "all persons who . . . have received warnings that they may receive tickets, have been ticketed, or will be ticketed by the city of Pagedale." *See* Doc. #1 at ¶ 85. Plaintiffs fail to specify the ordinances that allegedly violate due process rights, and they fail to limit their alleged injuries to one category of acts by Defendant, such as the issuance of tickets only. Plaintiffs' class allegations are, as in *Hagler*, too broad for commonality to be established.

legal relationships' or by some significant common trait such as race or gender." *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1155 n.8 (11th Cir. 1983). Here, the same individualized questions that cause the commonality requirement to fail also indicate that the claims are not sufficiently cohesive. Importantly, the members of the proposed class may include Pagedale residents who are in favor of the ordinances and enforcement of ordinances for the purposes of maintaining the order and aesthetics of the community. As each plaintiff's need in *St. Jude Medical* for medical monitoring was highly individualized, here each potential class member experienced an individualized alleged injury regarding the ordinance that was violated and the varying conduct of Defendant's officials in response to these violations. *See In re St. Jude Medical, Inc.*, 425 F.3d at 1121.[3] Therefore, a class action should not be certified under Rule 23(b)(2) in this context.

## CONCLUSION

For the reasons set forth herein, Defendant City of Pagedale respectfully requests that this Court grant its Motion to Strike Class Allegations from Plaintiffs' Civil Rights Class Action Complaint, enter an Order striking class allegations from Plaintiffs' Civil Rights Class Action Complaint, including Paragraphs 85-94 in their entirety and Paragraphs 103-106 to the extent that they refer to a proposed and/or putative class, and for such other and further relief that this

---

[3] Moreover, Rule 23(b)(2) class action certifications are particularly problematic against state agencies, including municipalities like Defendant. A federal court "may not lightly assume [the] power" of granting broad declaratory and injunctive relief against a state agency. *Foreman v. Heineman*, 240 F.R.D. 456, 491 (D. Neb. 2006). "Where, as here, the exercise of authority by state officials is attacked, federal courts must be constantly mindful of the special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law." *Elizabeth M. v. Montenez*, 458 F.3d 779, 784 (8th Cir. 2006) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976)). "Federal courts operate according to institutional rules and procedures that are poorly suited to the management of state agencies." *Angela R. v. Clinton*, 999 F.2d 320, 326 (8th Cir. 1993). "[T]his concern is heightened in the class action context because of the likelihood that an order granting class certification 'may force a defendant to settle rather than incur the costs of defending a class action and run the risk of potentially ruinous liability.'" *Montenez*, 458 F.3d at 784 (quoting Advisory Committee Notes to 1998 Amendments adopting Rule 23(f)). A "plaintiffs' failure to identify the specific policies under attack and the nature of their federal statutory claims" in a massive class action "neither promotes the efficiency and economy underlying class actions nor pays sufficient heed to the [principles of] federalism and separation of powers." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 349, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); *Rizzo*, 423 U.S. at 378).

Court deems just and proper.

BEHR, McCARTER & POTTER, P.C.

By: /s/ Timothy J. Reichardt
Timothy J. Reichardt, #57684MO
Andrew T. Tangaro, #64193MO
Joseph C. Vitale, #67336MO
7777 Bonhomme Avenue, Suite 1400
St. Louis, MO 63105
Telephone: (314) 862-3800
Facsimile: (314) 862-3953
Email: treichardt@bmplaw.com
Email: atangaro@bmplaw.com
Email: jvitale@bmplaw.com
*Attorneys for Defendant City of Pagedale*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 7th day of December, 2015, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served upon all parties of record via the Court's electronic filing system.

/s/ Timothy J. Reichardt