IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VALARIE WHITNER, VINCENT BLOUNT, and MILDRED BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PAGEDALE, a Missouri municipal Corporation,<br><br>Defendant. | Cause No.: 4:15-cv-01655-RWS |

**DEFENDANT CITY OF PAGEDALE'S MOTION TO DISMISS COUNT IV AND PLAINTIFF MILDRED BRYANT'S CLAIMS FROM PLAINTIFFS' CIVIL RIGHTS CLASS ACTION COMPLAINT**

COMES NOW Defendant City of Pagedale ("Defendant"), by and through the undersigned counsel, and, for its Motion to Dismiss Count IV and Plaintiff Mildred Bryant's Claims from Plaintiffs' Civil Rights Class Action Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), states as follows:

1.  Plaintiffs' Civil Rights Class Action Complaint challenges Defendant's ordinance enforcement and the prosecution and adjudication of ordinance violations in municipal court. Plaintiffs Valarie Whitner and Vincent Blount allege they have been ticketed or fined for violations of ordinances pertaining to the condition of their residential property. (*See* Doc. # 1, at ¶¶ 14-15, 67-80.) Plaintiff Mildred Bryant alleges she received a warning. (*See* Doc. # 1, at ¶¶ 20, 81-84.) From this, Plaintiffs allege four counts brought pursuant to 42 U.S.C. § 1983: Count I – violations of due process rights of Plaintiffs and a proposed class; Count II – violation of the Excessive Fines Clause of the Eighth Amendment; Count III – violations of due process rights of Plaintiffs only; Count IV – Defendant acted in excess of its police power. (*See* Doc. #

1

1.)

      2.    Count IV should be dismissed for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiffs have not alleged a violation of any federal law or the U.S. Constitution therein.  *See Garmon v. Foust*, 668 F.2d 400, 404 (8th Cir. 1982).  Plaintiffs' allegations that Defendant acted in excess of its police powers is not an issue of federal law, and Plaintiffs do not allege a violation of rights secured by federal law.  *See XO Mo., Inc. v. City of Md. Heights*, 362 F.3d 1023, 1027 (8th Cir. 2004) (finding that a city's police powers are conferred by the state and not federal law).  Accordingly, Count IV fails to state a valid claim under 42 U.S.C. § 1983 and should be dismissed.

      3.    Furthermore, this Court should dismiss Plaintiff Mildred Bryant's claims, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of a justiciable controversy.  Plaintiff Bryant alleges she received a building inspection report stating code violations and that she will be summoned to court if she does not correct said violations. (*See* Doc. # 1, at ¶¶ 81, 84.)  Plaintiff Bryant has not, however, alleged that she was summoned to court, ticketed, fined, or that she took any action whatsoever in response to the building inspection report.  From this, Plaintiff Bryant lacks standing to challenge (1) the alleged deprivation of due process in the Pagedale municipal court, (2) the "excessiveness" of fines imposed by Defendant (when she has never been fined), or (3) Pagedale's enforcement of nuisance ordinances because her allegations do not amount to an imminent threat of an "injury in fact" on any of these grounds.  *Summers v. Earth Island Inst., U.S.*, 129 S. Ct. 1142, 1149, 173 L. Ed. 2d 1 (2009); *Zanders v. Swanson*, 573 F.3d 591, 594-95, n.3 (8th Cir. 2009).  Furthermore, having only received a warning and having not been subjected to Pagedale's municipal court, Plaintiff Bryant's claims are not ripe for determination because her injuries are not "certainly impending" but rather are "contingent on

future possibilities," namely, whether she will be subjected to the Pagedale municipal court, whether she will be treated unfairly and illegally in the Pagedale municipal court, and whether she will be fined. *Nebraska Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1039 (8th Cir. 2000); *Pub. Water Supply Dist. No. 10 v. City of Peculiar*, 345 F.3d 570, 573 (8th Cir. 2003).

4.   Pursuant to Local Rule 7-4.01, Defendant has separately filed a Memorandum of Law in this Motion, and fully incorporates said Memorandum herein by reference.

WHEREFORE, Defendant City of Pagedale respectfully requests that this Court grant its Motion to Dismiss Count IV and Plaintiff Mildred Bryant's Claims from Plaintiffs' Civil Rights Class Action Complaint, enter an Order dismissing Count IV for failure to state a claim and dismissing Plaintiff Mildred Bryant's claims for lack of a justiciable controversy, and for such other and further relief that this Court deems just and proper.

BEHR, McCARTER & POTTER, P.C.

By: */s/ Timothy J. Reichardt*
Timothy J. Reichardt, #57684MO
Andrew T. Tangaro, #64193MO
Joseph C. Vitale, #67336MO
7777 Bonhomme Avenue, Suite 1400
St. Louis, MO  63105
Telephone:  (314) 862-3800
Facsimile:  (314) 862-3953
Email: treichardt@bmplaw.com
Email: atangaro@bmplaw.com
Email: jvitale@bmplaw.com
*Attorneys for Defendant City of Pagedale*

**CERTIFICATE OF SERVICE**

   The undersigned certifies that on the 21st day of December, 2015, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served upon all parties of record via the Court's electronic filing system.

                 */s/ Timothy J. Reichardt*