IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VALARIE WHITNER, VINCENT BLOUNT, and MILDRED BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PAGEDALE, a Missouri municipal Corporation,<br><br>Defendant. | Cause No.: 4:15-cv-01655-RWS |

**DEFENDANT CITY OF PAGEDALE'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS COUNT IV AND PLAINTIFF MILDRED
BRYANT'S CLAIMS FROM PLAINTIFFS' CIVIL RIGHTS CLASS ACTION
COMPLAINT**

COMES NOW Defendant City of Pagedale ("Defendant"), by and through the undersigned counsel, and for its Memorandum of Law in Support of its Motion to Dismiss Count IV and Plaintiff Mildred Bryant's Claims from Plaintiffs' Civil Rights Class Action Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), states as follows:

**INTRODUCTION**

Plaintiffs' Civil Rights Class Action Complaint challenges Defendant's ordinance enforcement and the prosecution and adjudication of ordinance violations in municipal court. Plaintiffs Valarie Whitner and Vincent Blount allege they have been ticketed or fined for violations of ordinances pertaining to the condition of their residential property. (*See* Doc. # 1, at ¶¶ 14-15, 67-80.) Plaintiff Mildred Bryant ("Plaintiff Bryant") alleges she received a warning. (*See* Doc. # 1, at ¶¶ 20, 81-84.) From this, Plaintiffs allege four counts brought pursuant to 42 U.S.C. § 1983: Count I – violations of due process rights of Plaintiffs and a proposed class;

1

Count II – violation of the Excessive Fines Clause of the Eighth Amendment; Count III – violations of due process rights of Plaintiffs only; Count IV – Defendant acted in excess of its police power.  (*See* Doc. # 1.)  For the reasons set forth herein, Count IV should be dismissed, and Plaintiff Bryant's claims should be dismissed for lack of a justiciable controversy.

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

> To survive a motion to dismiss, a complaint must contain sufficient facial information, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citations omitted).  Furthermore, "the tenet that a court must accept all of the allegations contained in a complaint as true is inapplicable to legal conclusions." *Id.*  "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).

Under Rule 12(b)(1), a party is permitted to challenge a federal court's jurisdiction over the subject matter of the complaint.  When the Court's subject matter jurisdiction is challenged, at issue is the Court's "very power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730

(8th Cir.1990). When a court's subject matter jurisdiction is challenged in a facial attack, the Court "restricts itself to the face of the pleadings." *Id.* at 729 n.6. Dismissal will therefore be proper if the facial attack shows there is no basis for jurisdiction. *Wheeler v. St. Louis Southwestern Ry. Co.*, 90 F.3d 327, 329 (8th Cir. 1996).

### ARGUMENT: COUNT IV OF PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM, AND PLAINTIFF MILDRED BRYANT'S CLAIMS SHOULD BE DISMISSED FOR LACK OF A JUSTICIABLE CONTROVERSY.

**I.   COUNT IV SHOULD BE DISMISSED FOR FAILURE TO STATE A VIABLE 42 U.S.C. § 1983 CLAIM.**

In Count IV, Plaintiffs allege that Defendant acted in excess of its police power by imposing fines and imprisonment for certain conditions and activities. (*See* Doc. #1, at ¶¶ 128-29.) Plaintiffs have brought Count IV pursuant to 42 U.S.C. § 1983. (*See* Doc. #1.) The elements of a § 1983 action are "(1) the denial under color of state law (2) of a right secured by the Constitution and laws of the United States." *Garmon v. Foust*, 668 F.2d 400, 404 (8th Cir. 1982) (internal citation omitted). Plaintiffs' allegation that Defendant acted in excess of its police powers, however, is not an issue of federal law, and Plaintiffs do not allege a violation of rights secured by federal law. *XO Mo., Inc. v. City of Md. Heights*, 362 F.3d 1023, 1027 (8th Cir. 2004) (finding "the only police power a city may hold is police power conferred by the state"). Therefore, this Court should dismiss Count IV for failure to state a claim under § 1983 because Plaintiffs have failed to allege any violation of a right secured by federal law.

**II.   PLAINTIFF MILDRED BRYANT'S CLAIMS SHOULD BE DISMISSED FOR LACK OF A JUSTICIABLE CONTROVERSY.**

   **A.   Justiciability standard.**

"Concerns of justiciability go to the power of the federal courts to entertain disputes, and to the wisdom of their doing so." *Renne v. Geary*, 501 U.S. 312, 316, 111 S.Ct. 2331, 2336

(1991). The United States Supreme Court has defined a justiciable controversy as follows:

> A justiciable controversy is . . . distinguished from a difference or dispute of a hypothetical character; from one that is academic or moot. The controversy must be definite or concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy, admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41, 81 L. Ed. 617, 57 S. Ct. 461 (1937). If an action fails to present a justiciable controversy, then a federal court lacks subject matter jurisdiction. *281 Care Committee v. Arneson*, 638 F.3d 621, 626 (8th Cir. 2011). In order to have a justiciable controversy, the claimant must have standing, and the claims must be ripe for determination. *Schanou v. Lancaster Cty. Sch. Dist. No. 160*, 62 F.3d 1040, 1042 (8th Cir. 1995). The requirements of standing and ripeness often overlap; however, they require "distinct inquiries: 'Whereas ripeness is concerned with when an action may be brought, standing focuses on who may bring a ripe action.'" *Indiana Right to Life, Inc. v. Shepard*, 507 F.3d 545, 549 (7th Cir. 2007) (quoting *Pic-A-State Pa., Inc. v. Reno*, 76 F.3d 1294, 1298, n.1 (3d Cir. 1996)).

### B. Summary of Plaintiff Bryant's claims.

Plaintiff Bryant alleges that she received a building inspection report from Defendant, concerning various code violations, which threatened that a summons would be issued if code violations were not corrected. (*See* Doc. #1, at ¶ 81.) She further alleges that the time period given by Defendant to make corrections has elapsed. (*See* Doc. #1, at ¶ 84.) Plaintiff Bryant has not alleged that she has received a court summons or has otherwise been subjected to the Pagedale municipal court, or that she has been fined by Defendant, even after the time period specified in the building inspection report had elapsed. (*See* Doc. #1.)

Plaintiffs, including Plaintiff Bryant, challenge the following in Counts I-III, respectively: (1) the operation of the Pagedale municipal court on due process grounds, (2) the

4

imposition of fines for certain municipal violations as unconstitutionally excessive, and (3) enforcement of Pagedale's ordinances on due process grounds. (*See* Doc. #1.) Specifically, Count I alleges, "The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution prohibits judicial officers from having a direct or indirect financial interest in a proceeding, regardless of whether this interest is institutional or personal." (*See* Doc. #1, at ¶ 96.) Count II alleges, "The Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution prohibits the government from imposing a monetary penalty that is grossly disproportionate to the offense it is designed to punish." (*See* Doc. #1, at ¶ 108.) Count III alleges, "The Due Process Clause prevents the government from declaring that unlawful and harmless activities and conditions constitute nuisances when such activities and conditions are not, in fact, nuisances and any harm that could arise from such activities and conditions would be remote and highly speculative." (*See* Doc. #1, at ¶ 117.)

> **C. Plaintiff Bryant lacks standing to challenge (1) the alleged deprivation of due process in the Pagedale municipal court, (2) the "excessiveness" of fines imposed by Defendant, or (3) Pagedale's enforcement of nuisance ordinances because her allegations do not amount to an imminent threat of an "injury in fact" on any of these grounds.**

Article III standing "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant [her] invocation of federal-court jurisdiction." *Summers v. Earth Island Inst., U.S.*, 129 S. Ct. 1142, 1149, 173 L. Ed. 2d 1 (2009) (internal quotations and emphasis omitted). To satisfy Article III's standing requirement, (1) there must be "injury in fact" or the threat of "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to defendant's challenged action; and (3) it must be likely (as opposed to merely speculative) that a favorable judicial decision will prevent or redress the injury. *Id.* at

1149.  With respect to the "injury in fact" requirement, claims that are too conjectural or hypothetical are insufficient to confer standing.  *Zanders v. Swanson*, 573 F.3d 591, 594-95, n.3 (8th Cir. 2009).

Plaintiff Bryant lacks standing as to all counts because her allegations indicate she has not suffered an imminent threat of an "injury in fact" for each count, and her claims are therefore too "conjectural or hypothetical" to confer standing.  *Summers*, 129 S. Ct. at 1149; *Zanders*, 573 F.3d at 594-95, n.3.  Plaintiff Bryant lacks standing to challenge the operation of the Pagedale municipal court in Count I because she has not received a court summons or otherwise been subjected to the Pagedale municipal court.  (*See* Doc. #1.)  Whether Plaintiff Bryant will be summoned and/or the process that will be provided to her in that instance is conjectural and uncertain.  Likewise, Plaintiff Bryant lacks standing to challenge Pagedale's enforcement of ordinances in Count III as well, as she has not alleged that her receipt of the building inspection report has caused her any relatively-certain loss or forbearance.  (*See* Doc. #1.)  Also, as to Count II, Plaintiff Bryant lacks standing to challenge Defendant's imposition of fines because she has not been fined by Defendant.  (*See* Doc. #1.)  Because Plaintiff Bryant has not alleged an imminent threat of an "injury in fact," she lacks standing to pursue her claims made in Counts I, II, and III, which should, therefore, be dismissed.

> **D.  Plaintiff Bryant's claims are not ripe for determination because her alleged injuries are not "certainly impending" but rather "contingent on future possibilities."**

"The ripeness doctrine flows both from the Article III 'cases' and 'controversies' limitations and also from prudential considerations for refusing to exercise jurisdiction."  *Nebraska Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037 (8th Cir. 2000).  The "basic rationale is to prevent the courts, through avoidance of premature adjudication, from

entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967). It is well settled that the ripeness inquiry requires the examination of both "[1] the fitness of the issues for judicial decision and [2] the hardship to the parties of withholding court consideration." *Id.* at 149. "A party seeking judicial relief must necessarily satisfy both prongs to at least a minimal degree." *Nebraska Pub. Power*, 234 F.3d at 1039. With respect to the "fitness" prong, a case is more likely to be ripe if it poses a purely legal question and is not "contingent on future possibilities." *Pub. Water Supply Dist. No. 10 v. City of Peculiar*, 345 F.3d 570, 573 (8th Cir. 2003). With respect to the "hardship" prong, the plaintiff must allege that he "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct." *Id.* "The plaintiffs need not wait until the threatened injury occurs, but the injury must be 'certainly impending.'" *Id.* (internal quotations and citations omitted).

For reasons similar to Plaintiff Bryant's lack of standing, her claims are not ripe for determination. Plaintiff Bryant's claims fail both prongs of the ripeness inquiry. Regarding the "hardship" prong, Plaintiff Bryant's injuries (i.e. forecasted unfair treatment in municipal court and excessive fines) are not "certainly impending." *Peculiar*, 345 F.3d at 573. Plaintiff Bryant's claims in Counts I-III (challenging Pagedale's municipal court operations, imposition of fines, and ordinances) are not "certainly impending" because Plaintiff Bryant has not alleged that she has been summoned to court, otherwise subjected to the Pagedale municipal court, fined, or even ticketed. (*See* Doc. #1.) The warning Plaintiff Bryant received does not amount to a ripe controversy. For these same reasons, Plaintiff Bryant's claims fail the "fitness" prong of the ripeness inquiry. *Peculiar*, 345 F.3d at 573. The claims are in fact "contingent on future possibilities," namely, whether she will be subjected to the Pagedale municipal court, whether

7

she will be treated unfairly and illegally in the Pagedale municipal court, and whether she will be fined. (*See* Doc. #1.) Therefore, Plaintiff Bryant has failed to meet either of the two prongs of the ripeness inquiry on Counts I-III, and her claims should be dismissed as not ripe for determination.

## CONCLUSION

For the reasons set forth herein, Defendant City of Pagedale respectfully requests that this Court grant its Motion to Dismiss Count IV and Plaintiff Mildred Bryant's Claims from Plaintiffs' Civil Rights Class Action Complaint, enter an Order dismissing Count IV for failure to state a claim and dismissing Plaintiff Mildred Bryant's claims for lack of a justiciable controversy, and for such other and further relief that this Court deems just and proper.

BEHR, McCARTER & POTTER, P.C.

By: */s/ Timothy J. Reichardt*
Timothy J. Reichardt, #57684MO
Andrew T. Tangaro, #64193MO
Joseph C. Vitale, #67336MO
7777 Bonhomme Avenue, Suite 1400
St. Louis, MO  63105
Telephone:  (314) 862-3800
Facsimile:  (314) 862-3953
Email: treichardt@bmplaw.com
Email: atangaro@bmplaw.com
Email: jvitale@bmplaw.com
*Attorneys for Defendant City of Pagedale*

**CERTIFICATE OF SERVICE**

        The undersigned certifies that on the 21st day of December, 2015, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served upon all parties of record via the Court's electronic filing system.

                                              */s/ Timothy J. Reichardt*