UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

VALERIE WHITNER et al.,            )
                                   )
        Plaintiffs,                )
                                   )
    vs.                            )        No. 4:15 CV 1655 RWS
                                   )
CITY OF PAGEDALE,                  )
                                   )
        Defendant.                 )

## MEMORANDUM AND ORDER

Plaintiffs Valerie Whitner, Vincent Blount, and Mildred Bryant are suing Defendant City

of Pagedale claiming, among other things, that the City's policy and practice of relying on civil

and criminal fines and fees to generate revenue violates the Due Process and Excessive Fines

Clauses of the United States Constitution and exceeds the City's police powers.  Plaintiffs bring

four claims for relief under 42 U.S.C. § 1983.  In Count I, Plaintiffs seek class action status for a

proposed class of "all persons who, at any time since January 1, 2010, have received warnings

that they may receive tickets, have been ticketed, or will be ticketed by the city of Pagedale."

Defendant Pagedale has moved to strike the class allegations from Plaintiffs' complaint

pursuant to Federal Rule of Civil Procedure 12(f).  Defendant argues that I should strike the class

allegations because Plaintiffs cannot plead the minimum facts necessary to establish the

commonality requirement for class certification under Fed. R. Civ. P. 23(a)(2) and because the

proposed class' claims are not sufficiently cohesive under Fed. R. Civ. P. 23(b)(2).

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R.

Civ. P. 12(f).  A motion to strike is a very narrow remedy and is not a substitute for a motion to

dismiss. Striking a party's pleadings is an extreme and disfavored measure. <u>Lunsford v. United States</u>, 570 F.2d 221, 229 (8th Cir. 1977). There is general judicial agreement that a motion to strike should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy. <u>N. Face Apparel Corp. v. Williams Pharmacy, Inc.</u>, 4:09 CV 2029 RWS, 2010 WL 546928, at *1 (E.D.Mo. Feb. 9, 2010). Moreover, "even when technically appropriate and well-founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party." <u>Am. Home Assur. Co. v. Pope</u>, 2 4057 CV C SOW, 2005 WL 1312975, at *1 (W.D. Mo. June 1, 2005) (internal citations omitted).

While Plaintiffs' proposed class does appear to be quite broad, nothing in Plaintiffs' complaint is redundant, immaterial, impertinent, or scandalous. Nor do the challenged class allegations have no possible relation or logical connection to the subject matter in controversy. As a result, Defendants' motion to strike will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of Pagedale's Motion to Strike Class Allegations from Plaintiff's Civil Rights Class Action Complaint #[18] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2016.