UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VALARIE WHITNER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:15 CV 1655 RWS |
| CITY OF PAGEDALE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiffs Valarie Whitner, Vincent Blount, and Mildred Bryant filed suit against Defendant City of Pagedale, seeking relief under 42 U.S.C. § 1983 for alleged violations of their federal constitutional rights. Defendant has moved to dismiss Count IV for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Defendant has also moved to dismiss Bryant's claims in Counts I, II, and III for lack of subject matter jurisdiction, arguing that Bryant lacks standing to bring these claims and that her claims are not ripe. See Fed. R. Civ. P. 12(b)(1). I will grant Defendant's motion to dismiss Count IV and deny its motion to dismiss Bryant's claims.

**Background**

Plaintiffs Whitner, Blount, and Bryant reside in Pagedale, which is located in St. Louis County, Missouri. The City of Pagedale is a Missouri municipal

corporation. Plaintiffs allege, in essence, that the City is a "ticketing machine" that unduly relies on revenue from fines and fees generated by its code enforcement and municipal court system, incentivizing the City to ticket, convict, and fine Pagedale residents for lawful, harmless activities and conditions. Plaintiffs allege the City subjects Pagedale residents to fines and imprisonment for code violations in their homes that include, for example, failing to install screens on every door and window opening to the outside, hang drapes or blinds that match and "are neatly hung, in a presentable appearance," repair driveway cracks or chipped or aging paint on a home's exterior, or paint foundations and wood fences. Plaintiffs also allege that the City limits court access and makes it difficult for residents to resolve their cases, resulting in more fees, fines, and threats of arrest.

     Whitner and Blount allege they have been ticketed and fined for the condition of their home and threatened with future court summonses and fines. Whitner also alleges she has been arrested for "Building code Violation, contempt, and default." Whitner and Blount claim these demands and fines have caused them significant financial hardship. Bryant alleges she has been threatened with a court summons and fines for conditions in her home, including the lack of "blinds, matching curtains, or other such 'window treatment'" and the presence of weeds in the cracks in her driveway. Bryant alleges she is 84, lives alone, and cannot do some of the work the City requires.

Plaintiffs bring four claims for relief under section 1983. Count I alleges a number of harms from "the City's institutional reliance on revenue from fines and fees," claiming this reliance incentivizes "the City's unconstitutional conduct of ticketing, convicting, and fining defendants in order to generate revenue," which violates the Fourteenth Amendment due process rights of the Plaintiffs and a proposed class. Count II alleges the City imposes and threatens fines for "harmless activities and conditions," in violation of the Excessive Fines Clause of the Eighth Amendment. Count III alleges the "Due Process Clause prevents the government from declaring that lawful and harmless activities and conditions constitute nuisances when such activities and conditions are not, in fact, nuisances" and the City's "policy, practice, and custom of fining Pagedale residents for harmless activities and conditions" violates Plaintiffs' Fourteenth Amendment due process rights. Count IV alleges the City's "policy, practice, and custom of treating [] harmless activities and conditions as nuisances" and "fining Pagedale residents for harmless activities and conditions" exceeds the City's police powers and causes "irreparable injury to [Plaintiffs'] constitutional rights."

Defendant moves to dismiss Count IV under Rule 12(b)(6), arguing Plaintiffs have not pleaded a cognizable section 1983 claim because they have not identified a specific right secured by federal law or the U.S. Constitution that the City has violated by allegedly acting in excess of its police powers. Defendant also

3

moves to dismiss Bryant's claims in Counts I, II, and III under Rule 12(b)(1), arguing Bryant lacks standing and her claims are not ripe.

## Timeliness of the Motion

Plaintiffs first argue I should deny Defendant's Rule 12(b)(6) motion to dismiss Count IV because the motion is untimely. Technically, both the 12(b)(6) and 12(b)(1) requests are untimely. Rule 12(b) motions "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Defendant filed its answer on December 7, 2015, and filed its motion to dismiss on December 21, 2015. But Rule 12(h)(2) allows me to construe an untimely 12(b)(6) motion as a motion for judgment on the pleadings under Rule 12(c), which I will do. See NanoMech, Inc. v. Suresh, 777 F.3d 1020, 1023 (8th Cir. 2015). And Rule 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

## Motion to Dismiss Count IV

The same standard governs motions to dismiss and motions for judgment on the pleadings. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). In ruling on a motion for judgment on the pleadings, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006). While a court must accept factual allegations as true, it is not required to "blindly accept the legal

4

conclusions drawn by the pleader from the facts." Westcott, 901 F.2d at 1488. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The purpose of this threshold pleading requirement is to allow a defendant to test the legal sufficiency of a complaint so as to eliminate those actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Am. Traffic Solutions, Inc. v. B & W Sensors, LLC, 2014 WL 1272509, at *2 (E.D. Mo. Mar. 27, 2014) (quotation marks omitted).

Defendant argues Plaintiffs have failed to allege a necessary element of a section 1983 claim: a violation of any right secured by federal law or the U.S. Constitution. Plaintiffs bring Count IV "for the City's Actions in Excess of Its Police Power via 42 U.S.C. § 1983." They allege that the City makes illegal and punishes a number of "harmless conditions and activities," such as failing to have a screen on every door and window opening to the outside and failing to have drapes or blinds "which are neatly hung." Plaintiffs allege that the City's "policy, practice, and custom of treating such harmless activities and conditions as nuisances exceeds the government's police powers because none of these activities or conditions cause any harm to others or to the named Plaintiffs themselves" and

5

that "[a]s a direct and proximate result of the City's policy, practice, and custom of fining Pagedale residents for harmless activities and conditions, the named Plaintiffs will suffer irreparable injury to their constitutional rights." Plaintiffs do not identify any right secured by federal law or the Constitution that the City violates by acting in excess of its police powers, only alleging the City's actions in excess of its police powers injure "their constitutional rights."

"Section 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States." Gatlin ex rel. Estate of Gatlin v. Green, 362 F.3d 1089, 1093 (8th Cir. 2004) (quotation marks omitted). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Gatlin, 362 F.3d at 1093 ("Section 1983 requires a claimant to identify the particular right that has been violated."). In Count IV, Plaintiffs repeat the factual allegations of Count III but fail to "identify any violation of a right protected under the Constitution or federal law-an essential element of a section 1983 claim." Gatlin, 362 F.3d at 1093.[1] As a result, I will dismiss Count IV.

---

[1] While federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," Johnson v. City of Shelby, Miss., 135 S. Ct. 346, 346 (2014) (per curiam), Plaintiffs still must plead facts that provide the basis for

6

**Motion to Dismiss Bryant's Claims**

Defendant also moves for dismissal of Bryant's claims under Rule 12(b)(1) on standing and ripeness grounds.  A standing argument implicates Rule 12(b)(1) because "if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction" over its claims.  ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 958 (8th Cir. 2011).  Ripeness is a justiciability doctrine that serves "'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'"  Pub. Water Supply Dist. No. 10 of Cass Cnty., Mo. v. City of Peculiar, 345 F.3d 570, 572 (8th Cir. 2003) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967)).

Standing and ripeness can be closely related.  Mo. Roundtable for Life v. Carnahan, 676 F.3d 665, 674 (8th Cir. 2012).  Here, both arguments rely on the same premise, namely, that Bryant has not pleaded a sufficient injury or threat of

---

a legally cognizable theory of liability.  The first step in a section 1983 analysis is to "'isolate the precise constitutional violation with which [the defendant] is charged.'"  Graham v. Connor, 490 U.S. 386, 394 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 140 (1979)).  Plaintiffs' Count IV does not identify a constitutional right violated by the City's actions.  In their memorandum in opposition to Defendant's motion to dismiss, Plaintiffs cite Pottinger v. City of Miami for the proposition that ordinances may be unconstitutionally overbroad when those ordinances regulate conduct beyond the reach of the state's police powers, which suggests a due process argument.  See Pottinger, 810 F.Supp. 1551, 1575–76 (S.D. Fla. 1992) (explaining courts have overturned overbroad statutes, including those that reach conduct beyond the police power of the state to regulate, on due process grounds).  But Plaintiffs do not plead a due process violation in Count IV, and even if I were to liberally construe Count IV as alleging a due process violation, given that Count IV only repeats the factual allegations from Count III and does not rely on any additional factual allegations, construing it to also repeat the legal theory from Count III would render Count IV redundant.  See Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.").

imminent injury to challenge the City's alleged deprivation of due process in municipal court, excessiveness of fines, or enforcement of nuisance ordinances. Defendant argues that as Bryant has only alleged that she has received a warning and not that she has been summoned to court, ticketed, fined or has changed her behavior in response to the warning, she has not alleged that she has suffered any actual injury or faces an "imminent" threat of a "certainly impending" injury. See Summers v. Earth Island Institute, 555 U.S. 488, 492–93 (2009) (standing); Parrish v. Dayton, 761 F.3d 873, 875–76 (8th Cir. 2014) (ripeness).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" C.S. ex rel. Scott v. Mo. State Bd. of Educ., 656 F.Supp.2d 1007, 1011 (E.D. Mo. 2009) (quotation marks omitted). "In the first instance, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Id. (quotation marks omitted). Defendant makes a facial attack in this case.

"The 'irreducible constitutional minimum of standing' is that a plaintiff show (1) an 'injury-in-fact' that (2) is 'fairly . . . trace[able] to the challenged action of the defendant' and (3) is 'likely . . . [to] be redressed by a favorable decision' in court." ABF, 645 F.3d at 958 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). Defendant argues Bryant lacks constitutional

8

standing to bring her claims because she cannot show an injury-in-fact.[2]  "An 'injury-in-fact' is 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" Id. at 959 (quoting Lujan, 504 U.S. at 560).  "In assessing whether the plaintiff has alleged a sufficiently particularized and concrete injury, the court must accept all factual allegations in the complaint as true and draw all inferences in the plaintiff's favor."  Young Am. Corp. v. Affiliated Computer Servs. (ACS), Inc., 424 F.3d 840, 843 (8th Cir. 2005).

The Complaint includes a number of allegations relevant to Bryant's claim that she has been injured or faces an imminent threat of injury, including the following: she has received a building inspection report regarding her home that explicitly threatens a court summons or fines if she fails to meet a number of demands.  She is 84, lives alone, and cannot do some of the work required by the building inspection report.  The time periods the City gave Bryant to comply have elapsed, and she now faces the threat of fines or imprisonment for the alleged violations.  Her co-plaintiffs have been ticketed and arrested for building code violations, "house not up to code," and "contempt" and "default."  Since 2010, the City has increased the number of non-traffic related tickets by 495%.  The City's

---

[2] Defendant does not challenge Bryant's standing on the second or third prongs of the analysis, traceability and redressability.  "[W]hen government action . . . is challenged by a party who is a target or object of that action, . . . there is ordinarily little question that the action . . . has caused him injury, and that a judgment preventing . . . the action will redress it."  Monson v. Drug Enforcement Admin., 589 F.3d 952, 958 (8th Cir.2009) (quotation marks omitted).

policies make it difficult for defendants to readily resolve their cases, often leading to additional fees and fines and the prospect of arrest. The City has given no indication it intends to halt its code enforcement policies or change its municipal code to remove the provisions being applied against Bryant.

Assuming Bryant's factual allegations are true, and drawing all inferences in her favor, as I must do at this stage, I find she has alleged a sufficient injury or threat of injury to establish constitutional standing. While Bryant must allege a threat of injury that is both real and immediate, she "'does not have to await the consummation of threatened injury to obtain preventive relief.'" Smith v. Ark. Dep't of Correction, 103 F.3d 637, 643–44 (8th Cir. 1996) (quoting Farmer v. Brennan, 511 U.S. 825, 845 (1994)).

Bryant alleges she has been individually threatened with a court summons and fines and must either make changes to her home that she is unable to make—and should not be required to make—or risk fines and imprisonment for failing to make the changes. See Zanders v. Swanson, 573 F.3d 591, 594 (8th Cir. 2009) ("[A] plaintiff suffers Article III injury when [she] must either make significant changes . . . to obey the regulation, or risk a[n] . . . enforcement action by disobeying the regulation." (quotation marks omitted)). She alleges that the time periods given her to comply have elapsed and that she faces the threat that the City will summon her at any time to a court that systematically deprives people of their

due process rights and unconstitutionally ticket, convict, and fine her. See Cutshall v. Sundquist, 193 F.3d 466, 471–72 (6th Cir. 1999) (explaining that as a statute allowed law enforcement to release offender registry information at any time, plaintiff's status as a convicted offender "arguably result[ed] in an injury," even though his information had not been released, "because he face[d] a specific threat of being subject to the release of registry information every day"). Bryant alleges that the City has greatly increased the number of non-traffic related tickets it has issued in recent years and that her co-plaintiffs have been ticketed for similar code violations. See Steffel v. Thompson, 415 U.S. 452, 459 (1974) (finding threats of prosecution against plaintiff and prosecution of his companion for the same conduct demonstrated plaintiff's "concern with arrest has not been 'chimerical'" (quoting Poe v. Ullman, 367 U.S. 497, 508 (1961)). As a result, Bryant has alleged a sufficient threat of injury to satisfy constitutional standing requirements.

For these same reasons, I also find Bryant's claims are ripe. Defendant argues any injury to Bryant is not certainly impending but rather is "contingent on future possibilities," see Peculiar, 345 F.3d at 573, namely, whether she will be summoned to court, treated unfairly, or fined. A ripeness inquiry requires consideration of the fitness of the issues for judicial decision and the harm to the parties that would result from denial of judicial review at this stage. Neb. Pub. Power Dist. v. MidAmerican Energy Co., 234 F.3d 1032, 1038 (8th Cir. 2000). As

explained above, Bryant's claims present a dispute that is "definite and concrete, not hypothetical or abstract." Id.  Harm includes the "heightened uncertainty and resulting behavior modification that may result" from forcing Bryant to wait until the threat of a summons or fine is realized.  See id.  Given the nature of Bryant's allegations, the only contingency remaining is whether the City will take the enforcement actions against Bryant it has threatened to take.  Bryant's claims are fit for judicial review.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of Pagedale's Motion to Dismiss Count IV and Plaintiff Mildred Bryant's Claims from Plaintiffs' Civil Rights Class Action Complaint #[21], as construed in part as a motion for judgment on the pleadings pursuant to Rule 12(c), is **GRANTED IN PART** and **DENIED IN PART**.  Count IV of Plaintiffs' Complaint is dismissed.  Defendant's Motion is otherwise denied.

                                                         /s/ Rodney W. Sippel
                                                         RODNEY W. SIPPEL
                                                         UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2016.