UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VALARIE WHITNER, VINCENT BLOUNT, and MILDRED BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PAGEDALE, a Missouri municipal corporation,<br><br>Defendant. | Civil Case No. 4:15-cv-01655-RWS |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CONSENT DECREE AND FOR ENTRY OF AN ORDER FOR NOTICE AND HEARING**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), Plaintiffs Valarie Whitner, Vincent Blount, and Mildred Bryant, individually and on behalf of all others similarly situated ("Plaintiffs"), respectfully submit this memorandum of law in support of their Motion for Preliminary Approval of Consent Decree and for Entry of an Order for Notice and Hearing (the "Motion"). Specifically, Plaintiffs request that this Court grant the Motion and issue an order that does the following: (i) certifies Plaintiffs' proposed class as a settlement class, (ii) appoints Plaintiffs as representative plaintiffs for such class, (iii) appoints Plaintiffs' counsel as class counsel, (iv) sets a hearing at which the Court will consider whether to preliminarily approve the proposed consent decree attached to the Motion as Exhibit 1 (the "Consent Decree"), (iv) directs notice to be provided to the class, and (v) sets a final hearing to determine if the Consent Decree is fair, reasonable, and adequate. Defendant city of Pagedale (the "City") does

1

not oppose the Motion.

## FACTS AND LITIGATION HISTORY[1]

The City is a municipal corporation located in St. Louis County, Missouri. About 3,000 people live in the City. It is governed by a mayor and a board of alderpersons. It maintains a Municipal Court presided over by a judge employed by the City.

Named plaintiffs Valarie Whitner, Vincent Blount, and Mildred Bryant are all residents of the City. The City threatened Whitner, Blount, and Bryant with tickets, and ticketed and fined Whitner and Blount numerous times. The City has arrested and released Whitner for an issue relating to tickets and repeatedly arrested and incarcerated Blount for issues relating to tickets.

Plaintiffs brought this suit on November 4, 2015. Pls.' Civil Rights Class Action Compl., ECF No. 1 (the "Complaint"). The Complaint alleged that the City had a policy and practice of relying on fees from tickets to generate revenue and that the City had violated the Due Process Clause of the Fourteenth Amendment, the Excessive Fines Clause of the Eighth Amendment, and exceeded its police powers. Complaint ¶¶ 95-134. Plaintiffs sought class certification for Count One of the Complaint, which alleged that the City had violated the Due Process Clause of the named plaintiffs and the members of the proposed class. Complaint ¶¶ 95-106. The Plaintiffs sought to certify the following class: "all persons who, at any time since January 1, 2010, have received warnings that they may receive tickets, have been ticketed, or will be ticketed by the city of Pagedale." Complaint ¶ 85.

The City filed an answer denying Plaintiffs' allegations. Def. City Pagedale's Answer

---

[1] The facts and background supporting this memorandum are derived from Plaintiffs' Civil Rights Class Action Complaint, ECF No. 1, as well as their motion to certify the class, Plaintiff's Motion to Certify Class, ECF No. 89, and the documents supporting that motion. Pursuant to Federal Rules of Evidence Rule 10(c), Plaintiffs adopt these documents by reference as if fully set forth in this Memorandum.

Affirmative Defenses Pls.' Compl., ECF No. 17. The City then moved to strike Plaintiffs' class allegations. Def. City Pagedale's Mot. Strike Class Allegations Pls.' Civil Rights Class Action Compl., ECF No. 18. This Court denied that motion. Mem. Order, Jan. 22, 2016, ECF No. 28. The City also moved to dismiss parts of the Complaint. Def. City Pagedale's Mot. Dismiss Count IV Pl. Mildred Bryant's Claims Pls.' Civil Rights Class Action Compl., ECF No. 21. This Court dismissed Plaintiffs' police powers claim but otherwise denied the motion. Mem. Order, March 10, 2016, ECF No. 31.

The parties then engaged in discovery. While discovery was ongoing, the parties participated in mediation conducted by the Honorable Stephen N. Limbaugh, Sr., but were unable to come to an agreement. On October 18, 2017, Plaintiffs moved to certify the class. Pls.' Mot. Certify Class, ECF No. 89. After Plaintiffs filed the motion, the parties engaged in settlement negotiations. This Court stayed the case schedule while the parties attempted to reach a resolution. After significant negotiations, the parties have agreed to resolve this case in the manner set forth in the Consent Decree.

## ARGUMENT

The parties seek preliminary approval of a Consent Decree that provides significant benefits to the members of the proposed class. The terms of the Consent Decree will provide meaningful procedural protections to those who are subject to the City's criminal and civil enforcement process while avoiding the risks and costs of continued litigation. It allows the City to implement meaningful reforms carefully negotiated by the parties and forecloses further litigation expenses for the municipality. This Court should therefore hold that (i) Plaintiffs meet the standard for certification of the proposed class for settlement purposes, and (ii) the settlement meets the standards set out in Rule 23(e) for approval.

I.      **Certification of the Class for Settlement Purposes is Proper**

The Federal Rules of Civil Procedure permit a court to certify a class for settlement purposes. *Amchen Prods., Inc. v. Windsor*, 521 U.S. 591, 618 (1997). In doing so, the district court must determine whether the proposed class satisfies the requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation), and at least one of the criteria of Rule 23(b)—here, that the defendant has acted or refused to act in a way that applies to the whole class. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010); *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608, 612 (8th Cir. 2017). Plaintiffs satisfy both requirements.

    A.      **Plaintiffs Satisfy the Requirements of Rule 23(a)**

        i.      **The Proposed Class is Sufficiently Numerous**

Rule 23(a)(1) requires that the proposed class is "so numerous that joinder of all members is impracticable." There is no set number for class size, but courts generally consider joinder impracticable if the proposed class has more than forty members. *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982). As discussed in Plaintiffs' memorandum in support of its motion to certify the class, the City has ticketed over 18,000 unique individuals since January 1, 2010. Mem. Law Supp. Pls.' Mot. Certify Class, ECF No. 90 (the "Certification Memorandum") 5. In addition, it is reasonable to conclude that the City has threatened to ticket hundreds of individuals during this time. *Id.* This is more than sufficient to demonstrate numerosity.

        ii.      **The Proposed Class Presents Common Questions of Law and Fact**

Rule 23(a)(2) requires "questions of law or fact common to the class." "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (quoting *Gen. Tel. Co. of Sw. v.*

*Falcon*, 457 U.S. 147, 157 (1982)). Here, the questions of whether the City issued tickets to generate revenue, and if it did, whether this was constitutional, constitute common questions that hold the proposed class together. These issues "focus on defendant's conduct, meaning that the questions will be resolved through common proof, and without class certification, each individual class member would be forced to separately litigate the same issues of law and fact." *In re Simply Orange Orange Juice Mktg. & Sales Practices Litig.*, No. 4:12-md-02361-FJG, 2017 U.S. Dist. LEXIS 114806, at *19 (W.D. Mo. July 27, 2017).

### iii. The Named Plaintiffs Are Typical of Members of the Class

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Typicality means that other members of the class have the same or similar grievances as the Plaintiffs, in that they have been subjected to the same allegedly unlawful treatment." *Tinsley v. Covenant Care Servs., LLC*, No. 1:14CV00026 ACL, 2016 U.S. Dist. LEXIS 11988, at *23-24 (E.D. Mo. Feb. 2, 2016) (quotation marks and citations omitted). Plaintiffs here are typical of the class because they have been ticketed or threatened with tickets, as have the other members of the class. The named plaintiffs seek the same remedy as the other members of the class: a declaration as to the constitutionality of these actions and an injunction to prevent the City from taking similar actions in the future. They are therefore typical of the members of the class.

### iv. The Named Plaintiffs and Their Attorneys Will Adequately Protect the Interests of the Proposed Class Members

Rule 23(a)(4) requires that the named plaintiffs fairly and adequately protect the interests of the class members. To meet this requirement, the named plaintiffs must (i) be members of the proposed class, (ii) possess the same interests as the class, and (iii) suffer the same injury as the

class. *Sample v. Monsanto Co.*, 218 F.R.D. 644, 648-49 (E.D. Mo. 2003). The named plaintiffs here meet this requirement. They are all members of the class in that they have been threatened with tickets or received tickets and they will likely receive tickets in the future. Their interests are aligned with the interests of the members of the class who have likewise been threatened or ticketed, or will be ticketed in the future, by the City. They have vigorously prosecuted this action by, among other things, participating in depositions, appearing in sessions of court, and reviewing relevant pleadings. Certification Memorandum 10. Finally, the City's defenses apply to both the named plaintiffs and the other class members, so no named plaintiff faces defenses to the claim that are unique to them. *Id.*

The adequacy requirement also applies to lawyers seeking to represent the class. *Sample*, 218 F.R.D. at 649. Rule 23(g) requires a court to appoint class counsel after considering the following non-exclusive factors: (i) the work counsel has done in identifying and investigating potential claims; (ii) counsel's experience handling class actions, complex litigation, and claims like those raised in the case; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)-(B). Plaintiffs' counsel—the Institute for Justice (IJ) and Bryan Cave LLP ("Bryan Cave")—satisfy these requirements. IJ has performed extensive pre-filing work to identify potential claims, including observing a session of the City's municipal court, researching and developing constitutional theories, holding a town hall for residents of the City, and interviewing scores of Pagedale residents. IJ has vigorously prosecuted this case since filing, including litigating two motions to compel and defending a motion to dismiss and a motion to strike class allegations. It has reviewed thousands of pages of documents, conducted numerous depositions, participated in mediation, and hired experts in municipal finance. IJ is a nationwide public interest law firm

with extensive experience in litigating constitutional challenges to protect the rights of individuals to own and enjoy their property and their entitlement to due process when the government threatens that right. *See Kelo v. City of New London*, 545 U.S. 469, 472 (2005); *Brody v. Village of Port Chester*, 509 F. Supp. 2d 269 (S.D.N.Y. 2007). Certification Memorandum 11.

Bryan Cave is an international law firm that has represented Ms. Whitner since before this case was filed. It has extensive experience in complex litigation and class action suits. Bryan Cave attorneys Barbara Smith and Ben Clark have litigated constitutional cases in the past and attorney Jeffrey Russell specializes in complex class action cases. *Id.*

### B.      Plaintiffs Satisfy the Requirements of Rule 23(b)(2)

This case satisfies Rule 23(b)(2) because the Complaint alleges that the City has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Here, except for nominal damages of $1.00, Plaintiffs seek only injunctive and declaratory relief. "As the rule itself makes clear, certification under Rule 23(b)(2) is intended for classes seeking primarily injunctive or declaratory relief—not money damages." *In re Teflon Prod. Liab. Litig.*, 254 F.R.D. 354, 368 (S.D. Iowa 2008). Because the named plaintiffs allege that they have suffered the same injury as the other members of the class, the relief sought would satisfy all claims and there is no need for individual determinations of liability as to each member of the class. "It is sufficient under Rule 23(b)(2) if class members complain of a pattern or practice that is generally applicable to the class as a whole." *Smith v. ConocoPhillips Pipe Line Co.*, 298 F.R.D. 575, 585 (E.D. Mo. 2014). That is precisely what the Plaintiffs here have done, and they have therefore satisfied Rule 23(b)(2).

7

For these reasons, this Court should certify the proposed class for settlement purposes.

## II.     This Court Should Approve the Consent Decree

When the parties reach a settlement or compromise in a class action suit, the federal rules require the district court to review and approve it. Fed. R. Civ. P. 23(e). This entails a three-step process. *Komoroski v. Serv. Partners Private Label, Inc.*, No. 4:16-cv-00294-DGK, 2017 U.S. Dist. LEXIS 119292, at *2 (W.D. Mo. July 31, 2017). The first step is a preliminary, pre-notification determination that the proposed resolution is within the range of possible approval. *Id*. If it is, the second step requires notice to the class describing the proposed resolution and giving members an opportunity to object or opt out of the settlement. *Id*. at *3. The third step is a final hearing on whether the proposed resolution is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). This case is in the first stage—preliminary approval.

In determining whether a proposed resolution is fair, reasonable, and adequate, the district court considers (i) the merits of the plaintiff's case weighed against the terms of the settlement, (ii) the defendant's financial condition, (iii) the complexity and expense of further litigation, and (iv) the amount of opposition to the settlement. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005).[2] The single most important factor is the strength of the plaintiff's case weighed against the terms of the settlement. *Marshall v. Nat'l Football League*, 787 F.3d 502, 508 (8th Cir. 2015).

The federal courts favor the settlement of class actions lawsuits, *Cohn v. Nelson*, 375 F. Supp. 2d 844, 852 (E.D. Mo. 2005), and the courts regard settlement agreements in class action suits as "presumptively valid." *Marshall*, 787 F.3d at 508. "At the preliminary approval stage,

---

[2] Because consideration of the Consent Decree is at the preliminary approval stage, the parties have not provided the members of the class with notice and dissenting class members have yet to have an opportunity to object to it. The fourth factor is therefore not at issue at this stage.

the 'fair, reasonable, and adequate' standard is lowered, with emphasis only on whether the settlement is within the range of possible approval due to an absence of any glaring substantive or procedural deficiencies." *Schoenbaum v. E.I. Dupont De Nemours & Co.*, No. 4:05CV01108 ERW, 2009 U.S. Dist. LEXIS 114080, at *13 (E.D. Mo. Dec. 8, 2009). In considering a motion for preliminary approval, the courts consider whether the settlement "carries the hallmarks of collusive negotiation or uninformed decision-making, is unduly favorable to class representatives or certain class members, or excessively compensates attorneys." *Id*. at *13-14.

### A. The Terms of the Consent Decree Provide a Substantial Benefit to the Class

As discussed above, the first—and most important—consideration is the strength of the plaintiff's claim weighed against the terms of the settlement. The Consent Decree provides the class with the following immediate relief:

- For any case initiated after January 1, 2010, in any case in which the defendant has made payments to the Pagedale Municipal Court that exceed the amount of the initial fine (including amounts resulting from an associated failure to appear), the City will dismiss all fines and fees in excess of the initial fine and close the case without further collections;

- For any case initiated after January 1, 2010, the City will decline to prosecute all unresolved or open cases unless the Pagedale Municipal Prosecutor finds good cause to continue prosecution;

- The City will eliminate all pending charges, fines, and fees associated with any citation for failure to appear;

- The City will publicly post and distribute to all defendants a list of all fines for municipal code violations for which a fine is permitted under Missouri law;

- All citations issued by the City will provide defendants with the specific ordinance the defendant is alleged to have violated, the potential penalty upon conviction, options for resolving the charge, all pending deadlines, and the date and time of the court session at which the defendant must appear, and the procedure for seeking a continuance;

- At each session of the Pagedale Municipal Court, the City will provide defendants with a sheet explaining the defendant's rights and the procedures of the court;

- Upon conviction or a plea of guilty, the City will provide defendants with a sheet that explains how they may pay any fine in installments;

- The City will issue receipts for payment of fines and fees that indicate the amount paid, the specific violation to which the payment is to be applied, and the amount the defendant still owes for that violation;

- The City will have one evening session and one day session of its municipal court per month. At the time the City issues a citation, the defendant may indicate which session he or she prefers;

- The City will not use municipal arrest warrants as a means of collecting civil court debt (the City denies it is currently doing so);

- Before a defendant is penalized for failing to pay a fine or fee, the Pagedale Municipal Court will hold a contempt hearing at which the court will determine the defendant's ability to pay the fine or fee, including inquiring as to any fines and fees the defendant owes in other jurisdictions. A defendant can demonstrate an inability to pay by completing a standard affidavit. Any fines or fees for

10

- failure to pay shall be proportioned to fit the financial resources of the defendant;

- The Pagedale Municipal Court will not sentence a defendant to confinement unless that defendant is represented by counsel or has waived the right to counsel;

- The City will not penalize defendants for failure to appear for minor traffic violations or municipal code violations;

- The Pagedale Municipal Court will not conduct more than seven (7) trials per session and, if the number of trials exceeds seven (7), the court will schedule a third, trials-only, session;

- Defendants will be able to pay any fines and fees associated with minor traffic violations or a municipal ordinance violation online;

- The City will repeal sections of its municipal code dealing with nuisances and housing standards and replace these sections with corresponding sections of the St. Louis County Property Maintenance Code;

- The City will repeal several ordinances in addition to these provisions; and

- The City will not issue tickets for conditions not specifically mentioned in the Pagedale Municipal Code and dismiss all outstanding cases for violations of such conditions.

The Consent Decree lists only one benefit unique to the named plaintiffs: namely, that the City will dismiss any outstanding citations, fees, and warrants against them and not take any action against them for any inspection report issued prior to the effective date of the Consent Decree.

These are outstanding results for the members of the class. Plaintiffs believe that the Consent Decree reflects the strong due process arguments underlying Plaintiffs' claims. If this

11

case proceeds on the merits, however, the members of the class could lose some or all of these benefits. Even if, at the end of litigation, the class achieved an order in their favor, there is a chance that the result would not be the carefully calibrated, systemic reform—voluntarily undertaken by the City—that the Consent Decree achieves. Put another way, there is some risk that litigation would achieve benefits as good as those in the Consent Decree and, even if Plaintiffs ultimately prevail in litigation, those benefits would likely be years in the future. The Consent Decree thus satisfies the first prong of the fairness test.

      **B.**    **Because Plaintiffs Seek Only Declaratory and Injunctive Relief, the Consent Decree Will Not Cause Undue Harm to the City's Financial Condition**

A defendant's financial condition is not particularly important in actions that are not for monetary damages. *Van Orden v. Schafer*, No. 4:09CV00971 AGF, 2016 U.S. Dist. LEXIS 162288, at *13 (E.D. Mo. Nov. 23, 2016). Here, the Consent Decree provides remedies that are entirely non-monetary, as Plaintiffs seek to recover no money in this case. Moreover, Plaintiffs have waived any entitlement to attorneys' fees they might have to reach agreement on the Consent Decree. This factor strongly supports preliminary approval.

      **C.**    **The Consent Decree Forecloses Further Complex and Expensive Litigation**

In general, class actions place an enormous burden of costs and expense on the parties. *Marshall*, 787 F.3d at 512. This case is no exception. It involves complex and innovative constitutional claims. Even though the parties have spent over two years litigating the case, it has not yet reached the class certification stage. Once that stage is completed, the parties expect to move for summary judgment. Discovery in this case has involved thousands of pages of documents, analysis of the City's REJIS database, and numerous depositions. Summary judgment will involve substantial briefing and proof, and Plaintiffs anticipate expert testimony to

support their claims, which will further add to the complexity of this case. If this Court does not grant summary judgment, a trial will be necessary.

In sum, if this Court were to approve the Consent Decree, it would save the parties and this Court considerable time and expense. This weighs heavily in favor of preliminary approval.

### D. The Consent Decree is the Product of Extensive Arms-Length Negotiations, There Is No Evidence of Collusion or Uninformed Decision-Making, and the Consent Decree Is Not Unduly Favorable to the Named Plaintiffs or Their Attorneys

The Consent Decree represents hours of arms-length negotiations on its substance. Once an agreement in principle was reached, the parties worked to craft a Consent Decree that accurately reflected their agreement and did not provide either party with unintended benefits or burdens. It is the understanding of undersigned counsel that the Pagedale Board of Alderpersons has considered the Consent Decree and voted to approve it. In addition, the named plaintiffs have carefully considered all aspects of the Consent Decree. Apart from amnesty for their outstanding citations, the named plaintiffs will not receive any benefits beyond what other members of the class receive. Plaintiffs' attorneys will not be overcompensated. Indeed, as noted above, they have waived any right to attorneys' fees.

For these reasons, the Consent Decree does not contain any substantive or procedural deficiencies. It is well within the range of possible approval and this Court should therefore preliminarily approve it.

## IV. Plaintiffs' Proposed Notice Is Sufficient

The parties propose that the City provide notice of the final hearing on the fairness of the Consent Decree to the members of the class by (i) posting a notice of the final hearing at the City's City Hall and its Municipal Court, (ii) posting a notice of the final hearing on the City's

webpage, and (iii) publishing a notice of the final hearing twice within a three-week period in both the *St. Louis American* and the *St. Louis Post-Dispatch*. A proposed form of notice is attached to the Consent Decree as Exhibit B.

The parties' proposed form of notice is reasonable under Rule 23(e) and satisfies the due process rights of the settlement class. It provides the time and date of the final fairness hearing. It gives members of the class a summary of the case and the terms of the Consent Decree, as well as information on how to file objections and how to opt out of the class and settlement.

The Consent Decree deals with injunctive relief that applies to defendants appearing before the Pagedale Municipal Court. Posting at City Hall and in the Municipal Court will provide notice to those affected by the Consent Decree at a time and place where such notice will be especially relevant. Any person who the City has ticketed or threatened with ticketing who wishes to obtain additional information regarding the City's Municipal Court on the City's website will see the notice. Moreover, direct notice is impracticable here because the proposed class includes those who the City has not yet ticketed and those who will be ticketed after preliminary approval but before final approval. As such, the proposed notice is appropriate.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court enter an order (i) certifying Plaintiffs' proposed class as a settlement class, (ii) appointing the named plaintiffs as class plaintiffs and the law firms of the Institute for Justice and Bryan Cave LLP as class counsel, (iii) scheduling a hearing for consideration of Plaintiffs' motion for preliminary approval of the Consent Decree for 1:30 p.m., February 2, 2018, (iv) scheduling a final approval hearing at least ninety (90) days from the date this Court enters an order granting preliminary approval of the Consent Decree, and (v) directing that notice be provided to the members of the

class substantially in the form of Exhibit B to the Consent Decree and by the means described in this memorandum.

DATED this 11th day of January, 2018.

Respectfully submitted,

| **INSTITUTE FOR JUSTICE** | **BRYAN CAVE LLP** |
| --- | --- |
| /s/ *William R. Maurer* | /s/ *Barbara A. Smith* |
| William R. Maurer*, WSBA No. 25451 | Barbara A. Smith (MO Bar No. 66237) |
| 10500 NE 8th Street, Suite 1760 | J. Bennett Clark (MO Bar No. 30907) |
| Bellevue, WA 98004 | Jeffrey S. Russell (MO Bar No. 35158) |
| Telephone: (425) 646-9300 | One Metropolitan Square |
| Fax: (425) 990-6500 | 211 North Broadway, Suite 3600 |
| Email: wmaurer@ij.org | St. Louis, MO 63102-2750 |
| | |
| Joshua A. House*, CA No. 284856 | Telephone: (314) 259-2367 |
| 901 N. Glebe Rd., Suite 900 | Fax: (314) 259-2020 |
| Arlington, VA 22203 | Email: barbara.smith@bryancave.com |
| Telephone: (703) 682-9320 | |
| Fax: (703) 682-9321 | Telephone: (314) 259-2418 |
| Email: jhouse@ij.org | Fax: (314) 552-8418 |
| | Email: ben.clark@bryancave.com |
| *Admitted Pro Hac Vice* | |
| | Telephone: (314) 259-2725 |
| *Attorneys for Plaintiffs* | Fax: (314) 552-8725 |
| | Email: jsrussell@bryancave.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2018, this ***PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CONSENT DECREE AND FOR ENTRY OF AN ORDER FOR NOTICE AND HEARING*** was electronically served on the below parties using the CM/ECF system of the United States District Court for the Eastern District of Missouri:

**BEHR, MCCARTER & POTTER, P.C.**
Timothy J. Reichardt
Ryan M. Hyde
7777 Bonhomme Avenue, Suite 1400
St. Louis, MO 63105
Telephone: (314) 862-3800
Fax: (314) 862-3953
Email: treichardt@bmplaw.com
Email: rhyde@bmplaw.com

*Attorneys for Defendant City of Pagedale*

**INSTITUTE FOR JUSTICE**

*/s/ William R. Maurer*
William R. Maurer*, WSBA No. 25451

*\*Admitted Pro Hac Vice*

*Attorney for Plaintiffs*