UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VALARIE WHITNER, VINCENT BLOUNT, and MILDRED BRYANT, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PAGEDALE, a Missouri municipal corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Case No. <u>4:15-cv-01655-RWS</u> <br> ) <br> ) <br> ) <br> ) <br> ) |

**CONSENT DECREE**

This Consent Decree is made and agreed upon by and between plaintiffs Valarie Whitner, Vincent Blount, and Mildred Bryant, individually and on behalf of all others similarly situated (the "Plaintiffs"), and defendant the city of Pagedale (the "City"). Plaintiffs and the City shall jointly be referred to as the "Parties."

**A.   Introduction**

1.   Plaintiffs commenced this action against the City on November 4, 2015, in the United States District Court for the Eastern District of Missouri.

2.   Plaintiffs' complaint (the "Complaint") alleged that the City's policies and practices regarding the enforcement and adjudication of the City's municipal code violated Plaintiffs' rights under the Due Process and Excessive Fines Clauses of the U.S. Constitution. The City has disputed that such rights have been violated by its practices.

3.   The Parties agree that those ticketed or threatened with ticketing by the City for

1

violations of the Pagedale Municipal Code (the "Code") should receive constitutionally sufficient process and that such individuals should not be subject to excessive fines.

4. The Parties desire to avoid expending further time and expense and resolve all matters raised by this litigation.

5. The Parties recognize, and this Court, by entering this Consent Decree, finds that this Consent Decree has been negotiated by the Parties in good faith and that it is fair, reasonable, adequate, and in the public interest.

**B.    Jurisdiction and Venue**

6. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, and 2201(a).

7. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391.

**C.    Effective Date**

8. This Consent Decree shall be effective the date this Court enters it, or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on this Court's docket (the "Effective Date").

9. This Consent Decree shall not take effect until this Court, pursuant to Federal Rule of Civil Procedure 23(e), approves this Consent Decree as full settlement and release of each and every claim against the City alleged by Plaintiffs, enters a judgment, and "So Orders" this Consent Decree.

**D.    Class Definition—Settlement Class**

10. This action shall be certified as a class action only with respect to Count One of the Complaint pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2).

11. The plaintiff class shall be defined as "all persons who, at any time since January 1, 2010, have received warnings that they may receive tickets, have been ticketed, or will be ticketed by the City of Pagedale."

**E.  Reform of the Municipal Court Practices and City Prosecutions**

12. Within ninety (90) days of the Effective Date, the City shall develop and implement all necessary ordinances and policies as described herein to ensure that any individual ticketed by the City and appearing before the Pagedale Municipal Court (a "defendant") is afforded constitutionally sufficient process pursuant to the Fourteenth Amendment. Such ordinances and policies shall incorporate the following provisions and requirements set forth below.

13. For any case initiated after January 1, 2010, in which a defendant has made payments to the City or the Pagedale Municipal Court that exceed the initial amount of the fine for the alleged violation, including any payments for associated fines resulting from a failure to appear, the City shall dismiss all such fines and fees in excess of the initial fine and close the case without further collections. This dismissal shall include all cases dismissed "on payment of costs" where fines and fees remain outstanding. The City shall do so unilaterally and without requiring the defendant to appear in court or take any other action whatsoever. The City shall inform, via first-class mail, all defendants in such cases that they are no longer required to pay the City or the Pagedale Municipal Court any amount for those past violations.

14. For all cases initiated by the City after January 1, 2010, the City shall decline to prosecute all unresolved or open cases not yet adjudicated and all warrants associated with those cases shall be withdrawn. However, the Pagedale Municipal Prosecutor may continue a case and

maintain a municipal arrest warrant in a manner consistent with the terms of this Consent Decree if he or she finds good cause to continue prosecution. As used in this paragraph, "good cause" means that the Pagedale Municipal Prosecutor has a legally sufficient or substantial reason to continue prosecution.

15. The City shall eliminate, on its own volition and unilaterally, all pending charges, fines, and fees associated with any citation for Failure to Appear in Municipal Court (Pagedale, Mo., Code § 125.260) without requiring a defendant to make any payment, appear in court, or take any other action. The City shall inform, via first-class mail, all defendants in such cases of the elimination of such charges, fines, and fees. The City shall also inform any collection or credit agency with whom the City communicates regarding collections that it has eliminated such charges, fines, and fees.

16. The City shall maintain a list, which it shall publicly post, of the amount of each fine for any municipal ordinance violations for which a fine is allowed under Missouri law. The City shall post this list on its website and make a hard copy available to each defendant appearing before the Pagedale Municipal Court.

17. All citations, summonses, arrest notification forms, and other charging documents used or issued by the City shall provide all defendants with the following information: (i) the charges brought against them, including the specific ordinance the City alleges the defendant has violated, (ii) the potential penalty for conviction (including the amount of any fine), (iii) options for resolving the charge, (iv) all pending deadlines, (v) the date and time of any court session at which the defendant must appear, and (vi) the procedure for seeking a continuance. Any defendant who receives a citation, summons, arrest notification, or other charging document from

the City shall have the right to inspect and receive a copy, free of charge, of any ordinance the City alleges the defendant has violated. The defendant may only request such ordinance from the City at the Pagedale City Hall during its normal hours of operation.

18. At the beginning of every session of the Pagedale Municipal Court, the City shall provide to each defendant a handout substantially in the form of the document entitled "Your Municipal Court," attached to this Consent Decree as Exhibit A.

19. Upon conviction or entry of a guilty plea, the City shall provide to each defendant a handout explaining how to sign up to pay, in installments, any fine or fee imposed by the Pagedale Municipal Court. This handout may be combined into one document with the "Your Municipal Court" handout referred to in Section E.18 above, so long as the content of both documents remains substantially the same in the combined version.

20. The City shall issue a receipt for every payment it receives for any fine or fee imposed by the Pagedale Municipal Court. Each receipt shall contain, at a minimum, (i) the amount of the payment received, (ii) the specific violation to which the payment is to be applied, identified by the date of the offense and the specific ordinance violation (as well as any other information, such as the case number associated with the violation, which the City, in its discretion, may include), and (iii) the amount the defendant still owes for that violation.

21. At a minimum, the City shall hold court sessions on the following schedule each month: One session to begin and end between 9:00 a.m. to 5:00 p.m., Central Prevailing Time, Monday through Friday, and one session to occur in the evening, to begin at or around 6 p.m., Central Prevailing Time, Monday through Friday.

22. Any individual cited by the City shall be given, at the time the City issues the

citation, the option to choose whether to appear at a day or evening session of the Pagedale Municipal Court. In the event that such practice results in a large disparity in the number of cases on one of the dockets, the City may, when reasonably necessary to balance to load of the dockets, assign cases to a docket regardless of the choice of the individual cited. Similarly, and also subject to the City's ability to make docket assignments when reasonably necessary to balance the number of cases on the dockets in the event of a large disparity in the number of cases on the dockets, any defendant requesting a continuance shall be given the option to continue the hearing either at a day or evening session of the court.

23. The City shall not use municipal arrest warrants as a means of collecting civil court debt. The City denies that this is currently its policy or practice.

24. Before it imposes any penalty on any defendant for failure to pay any fine or fee imposed by the Pagedale Municipal Court, the Pagedale Municipal Court shall hold a contempt hearing. This contempt hearing shall include a determination by the Pagedale Municipal Court of the defendant's ability to pay any fine or fee. As part of the ability to pay determination, the Pagedale Municipal Court shall affirmatively inquire as to a defendant's capacity to pay prior to imposing a penalty for failure to pay. A defendant may demonstrate an inability to pay by completing a standard affidavit under penalty of perjury. Such an affidavit shall be prima facie evidence of the defendant's inability to pay and any defendant submitting such an affidavit shall be adjudicated unable to pay. Upon such a determination, the Pagedale Municipal Court shall proportion all penalties to the financial resources of the defendant. Included in the ability to pay determination shall be an express inquiry by the Pagedale Municipal Court into any documented fines and fees owed by the defendant to other municipal courts.

25. The Pagedale Municipal Court shall not sentence any defendant to incarceration or confinement unless that defendant is either (i) represented by counsel, or (ii) knowingly, intelligently, voluntarily, and on the record waived the right to counsel. All defendants facing a sentence of incarceration or confinement shall be informed orally by the Pagedale Municipal Court, as well as in the "Your Municipal Court" sheet referred to in Section E.18 above, that they are entitled to the appointment of counsel at no cost. The "Your Municipal Court" sheet shall explain the process by which counsel shall be appointed for any defendant entitled to an attorney.

26. The City shall not penalize defendants for failure to appear for either minor traffic violations or municipal ordinance violations, as those terms are defined in Mo. Rev. Stat. § 479.350 (as that statute may be amended from time to time).

27. The Pagedale Municipal Court shall not conduct more than seven (7) trials in any single session of the court. If the number of trials in a single session exceeds seven (7), the City shall schedule a third session, exclusively for conducting trials, within thirty (30) days of the date on which the surplus trials were initially scheduled.

28. The City shall revise its online payment system to allow any defendant to pay any fines and fees resulting from a minor traffic violation or a municipal ordinance violation, as those terms are defined in Mo. Rev. Stat. § 479.350 (and as those terms may be amended by statute from time to time).

**F.     Municipal Code Revisions**

29. The City shall take the following actions:

    a. Within one hundred twenty (120) days of the Effective Date, the City shall repeal: Chapter 215 (entitled "Nuisances"), Articles I and III; and, Chapter

515, Article I ("Minimum Housing Standards") of the Code and replace such chapters with an ordinance adopting, or ordinances substantially in the form of, the St. Louis County Property Maintenance Code, Chapter 1110 Title XI, Public Works and Building Regulations—Adoption of International Property Maintenance Code, Year 2009 Edition (Ordinance No. 24,440, Approved July 14, 2010);

    b.    Within thirty (30) days of the Effective Date, the City shall repeal, and shall not reenact, the following ordinances: Pagedale, Mo., Code § 210.750 (regarding barbeques); Pagedale, Mo., Code § 210.770 (prohibiting wearing pants below the waist in public); Pagedale, Mo., Code § 345.030 (regarding walking on the left side of a crosswalk); Pagedale, Mo., Code § 345.080 (regarding walking on a roadway); Pagedale, Mo., Code § 405.080(A) (regarding basketball hoops and wading pools); and Pagedale, Mo., Code § 405.270 (prohibiting a dish antenna on the front of houses).

30.    The City shall ensure that any provision of the Code repealed or modified pursuant to this Consent Decree shall remain repealed or modified and shall not be replaced with any similar ordinances or policies, whether formal or informal.

31.    The City shall only issue citations for violations of specific provisions of the Code. The City shall cease ticketing, and shall cease threatening to ticket, individuals for conditions not specifically mentioned in the Code. The City shall dismiss all outstanding cases for violations of such conditions. The City shall provide written notice, via first-class mail, to all defendants in such cases of such dismissal.

32. The City shall dismiss all outstanding citations and cases for the violation of any ordinance that is modified or repealed, in whole or in part, by the terms of this Consent Decree. The City shall provide written notice, via first-class mail, to all recipients of such citations or defendants in such cases of such dismissal.

**G.  Amnesty**

33. The City shall dismiss each, any, and all outstanding citations, fines, fees, and warrants for the named plaintiffs. Furthermore, the City shall take no further action on any warning or code inspection report issued to such named plaintiffs prior to the Effective Date.

**H.  Enforcement**

34. In order to ensure compliance with this Consent Decree, the City shall provide Plaintiffs with the following documents and information.

35. The City shall provide Plaintiffs with the following documents and information on an annual basis within sixty days (60) of completion:

    a. An audited financial statement, compliant with Government Accounting Standards Board standards, for each fiscal year;

    b. The approved, final budget showing forecasted revenue and expenditures by fiscal year;

    c. Any reports provided by the City to the Missouri State Auditor pursuant to Senate Bill 5 or Senate Bill 572;

    d. Any reports provided by the City to the Missouri Office of State Courts Administrator, including the Municipal Division Summary Reporting Form;

    e. A municipal court statistics report including statistics on active cases and

fines and fees collected; and

    f.    Any copies of issued financial or management performance audits and related corrective action plans prepared by or on behalf of the City.

36.    The City shall provide the Plaintiffs with the following documents and information within sixty (60) days of the end of each fiscal quarter:

    a.    Quarterly interim budget reports reflecting year-to-date revenues and expenditures as compared with budgeted amounts; and

    b.    Records of collections by the Pagedale Municipal Court.

37.    The City will provide the Plaintiffs any findings or reports issued by the Missouri State Auditor concerning the City or the Pagedale Municipal Court within sixty (60) days of the City becoming aware of the same.

38.    The City shall provide such reports for five (5) years following the Effective Date.

39.    Within five (5) years of the Effective Date, at Plaintiffs' written request, the City shall provide Plaintiffs with information reasonably necessary to demonstrate the City's performance of its obligations under this Consent Decree. Plaintiffs' written request must be reasonable and Plaintiffs' request shall not be more frequent than once every six (6) months.

40.    If Plaintiffs reasonably believe that the City is not in substantial compliance with the terms of this Consent Decree, Plaintiffs' counsel shall, by written notice, call a meeting with the City's counsel to be held at a mutually agreeable time and place within thirty (30) days of the request to discuss and attempt to resolve the dispute. The City's counsel shall attend such a meeting.

41.    In the event that counsel for the City and counsel for Plaintiffs cannot come to an

agreement that resolves the claimed violations, Plaintiffs may move this Court, pursuant to Rule 70 of the Federal Rules of Civil Procedure or any other applicable rule or procedure, for an order enforcing the provisions of this Consent Decree and any other enforcement and implementation mechanisms as may be necessary or appropriate. If this Court issues such an order, this Court may, in its discretion, award Plaintiffs' counsel their reasonable attorneys' fees and costs associated with obtaining such order.

42. This Consent Decree constitutes final relief entered by this Court and is enforceable through this Court's contempt powers. This Court shall retain jurisdiction over this matter for all purposes and may issue such orders as may be necessary or appropriate to enforce this Consent Decree.

43. The Parties may jointly agree to make changes, modifications, and amendments to this Consent Decree, which shall be effective if approved by this Court.

44. The Parties agree to defend the provisions of this Consent Decree, including in collective bargaining. Each party shall notify the other of any legal challenge to this Consent Decree, whether such challenge arises in a court, a union, or an administrative proceeding or otherwise. If any provision of this Consent Decree is challenged in any state or municipal court, the Parties shall agree to consent to removal to Federal Court.

45. The City shall require compliance with this Consent Decree by its respective officers, employees, agents, agencies, assigns, or successors.

**I.    FRCP 23(e) Hearing**

46. Plaintiffs' counsel shall make a motion to this Court for preliminary approval of this Consent Decree and for entry of an Order for Notice and Hearing. Such motion shall request

this Court set a date for a hearing to determine if the resolution of this matter is fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e). Such motion shall also request that this Court determine that sufficient and adequate notice of the hearing consists of (i) the City posting a Notice of Hearing at the City's City Hall and Municipal Court; (ii) the City posting a Notice of Hearing on the City's website; and (iii) publication of the Notice of Hearing by the City twice within a three-week period in each of the following publications: *The St. Louis American*; *The St. Louis Post-Dispatch*. The Notice of Hearing shall be in the form attached as Exhibit B to this Consent Decree.

**J.     Release**

47.    As of the Effective Date, all claims raised by the Plaintiffs against the City shall be resolved with prejudice and all remedies sought in the Complaint concerning such claims shall be replaced by the provisions of this Consent Decree.

48.    The Parties shall each bear their own fees, expenses, and costs with respect to all claims raised by the Plaintiffs in the Complaint.

**K.     Miscellaneous Provisions**

49.    This Consent Decree shall remain in effect until this Court, upon the motion of either party, determines that the provisions are no longer necessary to ensure that the City's policies and practices are consistent with constitutional standards.

50.    The Parties have both participated in the drafting of this Consent Decree. As such, any ambiguity in this Consent Decree shall not be construed against either party.

51.    Any notice or reporting required by or made pursuant to the terms of this Consent Decree shall be sent by both first-class mail, postage prepaid, and electronic mail to:

**FOR PLAINTIFFS:**

INSTITUTE FOR JUSTICE
Attn: William R. Maurer
600 University Street, Suite 1730
Seattle, WA 98101
Email: wmaurer@ij.org

INSTITUTE FOR JUSTICE
Attn: Joshua House
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Email: jhouse@ij.org

BRYAN CAVE LEIGHTON PAISNER LLP
Attn: Barbara Smith
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Email: Barbara.Smith@bclplaw.com


**FOR THE CITY:**

BEHR, McCARTER & POTTER, P.C.
Attn: Timothy Reichardt
7777 Bonhomme Avenue, Suite 1400
St. Louis, Missouri 63105
Email: treichardt@bmplaw.com

SJALTON LAW, LLC
Attn: Sam J. Alton
7582 Big Bend Blvd.
St. Louis, Missouri 63119
Email: sam@stlinjured.com

Any party may change the above-designated addressee or address by written notice to the other

party.

IT IS SO STIPULATED AND AGREED:


| | |
|---|---|
| */s/ William R. Maurer* | May 10, 2018 |
| William R. Maurer*, WSBA No. 25451 | Date |

Institute for Justice
600 University Street, Suite 1730
Seattle, WA 98101
Telephone: (206) 957-1300
Fax: (206) 957-1301
Email: wmaurer@ij.org
*Admitted Pro Hac Vice*

*Counsel for Plaintiffs*


| | |
|---|---|
| */s/ Timothy J. Reichardt* | May 10, 2018 |
| Timothy J. Reichardt, No. 57684MO | Date |

Behr, McCarter & Potter, P.C.
7777 Bonhomme Avenue, Suite 1400
St. Louis, MO 63105
Telephone: (314) 862-3800
Fax: (314) 862-3953
Email: treichardt@bmplaw.com

*Counsel for Defendant City of Pagedale*


SO ORDERED:

_____
Rodney W. Sippel
United States District Judge

Date: May 21, 2018

14